UNIVERSAL UNDERWRITERS INSURANCE GROUP v AUTO CLUB
INSURANCE ASSOCIATION

Docket No. 236657. Submitted December 4, 2002, at Detroit. Decided May
15, 2003, at 9:00 A.M. Leave to appeal sought.

Universal Underwriters Insurance Group, the property insurer of an
automobile dealership, brought an action in the Macomb Circuit
Court against Auto Club Insurance Association, the no-fault auto-
mobile insurer of a vehicle owned by Michael Modestino, seeking
reimbursement for damages paid to the dealership for property
damage that occurred when Modestino's vehicle caught fire as a
result of a wire problem that was unrelated to the repair work for
which the vehicle had been left at the dealership. The court,
George E. Montgomery, J., denied the defendant's motion for sum-
mary disposition, which was based on the second sentence in MCL
500.3121(1), which the defendant alleged barred recovery by the
plaintiff because the fire occurred during the dealership's course of
business. The trial court held that there was not a causal connec-
tion between the maintenance work and the property damage. The
defendant appealed by leave granted.

The Court of Appeals *held*:

The language of the statute is clear and unambiguous and does
not require a causal connection between the maintenance work
and the property damage. The statute provides that property dam-
age occurring within the course of a business that involves repair-
ing, servicing, or otherwise maintaining automobiles is excluded
from coverage for property protection insurance under the no-fault
act. The trial court erred in denying the defendant's motion for
summary disposition. The order denying the motion must be
reversed and the matter must be remanded to the trial court for
entry of a judgment in favor of the defendant.

Reversed and remanded.

INSURANCE — NO-FAULT INSURANCE — PROPERTY PROTECTION INSURANCE —
PROPERTY DAMAGE — WORDS AND PHRASES — COURSE OF BUSINESS.

The provision of the no-fault act that states that accidental damage to
tangible property does not include accidental damage to tangible
property, other than the insured motor vehicle, that occurs within
the course of a business of repairing, servicing, or otherwise main-

taining motor vehicles does not require a causal connection between the maintenance work and the property damage (MCL 500.3121[1]).

*Carter, Gebauer & Waldman* (by *Martin G. Waldman*) for the plaintiff.

*Schoolmaster, Hom, Killeen, Siefer & Arene* (by *Charles Trickey, III*) (*Gross, Nemeth & Silverman, P.L.C.*, by *James G. Gross*, of counsel), for the defendant.

Before: BANDSTRA, P.J., and ZAHRA and METER, JJ.

METER, J. Defendant Auto Club Insurance Association appeals by leave granted from an order denying its motion for summary disposition in this case involving a dispute between a property insurer and a no-fault automobile insurer. We reverse and remand for entry of judgment in favor of defendant.

This case arose from a fire that occurred at an automobile dealership. After a 1998 Ford Escort owned by Michael Modestino was involved in an accident, his daughter took it to Jerome Duncan Ford for repairs. While the car was at the dealership, a faulty wire in the automobile caused it to catch fire, resulting in property damage to the facility. For purposes of this appeal, both parties concede that the fire resulted from a wire problem unrelated to the repair work. Plaintiff Universal Underwriters Insurance Group, the dealership's insurer, paid for the damage. It then sued defendant, Modestino's no-fault automobile insurer, claiming that defendant was primarily responsible for coverage. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that it was not responsible for coverage by virtue of MCL

500.3121(1), a provision of the no-fault act, MCL 500.3101 *et seq.* MCL 500.3121(1) states:

> Under property protection insurance an insurer is liable to pay benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle subject to the provisions of this section and sections 3123, 3125, and 3127. However, accidental damage to tangible property does not include accidental damage to tangible property, other than the insured motor vehicle, that occurs within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles.

Defendant argued that the second sentence of this statute barred recovery from it because the fire occurred within the course of Jerome Duncan Ford's business. Plaintiff argued that the statute did not bar recovery from defendant because the fire occurred for reasons completely unrelated to the work being performed on the vehicle. The trial court agreed with plaintiff and therefore denied defendant's motion for summary disposition.

On appeal, defendant contends that the trial court failed to apply the plain language of the statute at issue. We agree. We review de novo a trial court's ruling with respect to a motion for summary disposition. *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000). A motion brought under MCR 2.116(C)(10) tests the factual support for a claim. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). In ruling on such a motion, the trial court must consider not only the pleadings, but also the depositions, affidavits, admissions, and other documentary evidence, and it must give the benefit of any reasonable doubt to the nonmoving party. See *id.*

and MCR 2.116(G)(5). Summary disposition is appropriate only if the opposing party fails to present documentary evidence establishing the existence of a material factual dispute. *Smith, supra* at 454-455.

Additionally, we review de novo issues of statutory interpretation. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002). The rules of statutory construction require the courts to give effect to the Legislature's intent. *Institute in Basic Life Principles, Inc v Watersmeet Twp (After Remand)*, 217 Mich App 7, 12; 551 NW2d 199 (1996). "This Court should first look to the specific statutory language to determine the intent of the Legislature," which is "presumed to intend the meaning that the statute plainly expresses." *Id.* If the language is clear and unambiguous, "the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted." *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). If reasonable minds could differ regarding the meaning of a statute, judicial construction is warranted. *Yaldo v North Pointe Ins Co*, 457 Mich 341, 346; 578 NW2d 274 (1998). A court must not read into a statute anything "that is not within the manifest intent of the Legislature as gathered from the act itself." *In re S R*, 229 Mich App 310, 314; 581 NW2d 291 (1998).

Before December 1993, MCL 500.3121(1) contained only the first sentence. In construing the subsection, the Supreme Court in *Michigan Mut Ins Co v Carson City Texaco, Inc*, 421 Mich 144, 148; 365 NW2d 89 (1984), specifically noted the absence of the second sentence, which was part of a model act on which the statute was based. The Court emphasized the Legislature's rejection of the second sentence and held that a

no-fault automobile insurer was responsible for property damage that arose out of the maintenance of an insured vehicle, regardless of whether the damage occurred "in the course of a business of maintaining motor vehicles . . . ." *Id.* at 148-149. No-fault insurers were held responsible for coverage even if the damage occurred as a result of the mechanic's actions in repairing the vehicle. See, e.g., *Great American Ins Co v Old Republic Ins Co,* 180 Mich App 508, 511-515; 448 NW2d 493 (1989).

With 1993 PA 290, the Legislature added the second sentence to the subsection. Again, this sentence states that "accidental damage to tangible property does not include accidental damage to tangible property, other than the insured motor vehicle, that occurs within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles." The trial court in the present case construed this exclusion as requiring a causal connection between the maintenance work and the property damage. However, as noted in *Tryc, supra* at 135, if the language of a statute is clear and unambiguous, "the plain meaning of the statute reflects the legislative intent and judicial construction is *not permitted.*" (Emphasis added.) We conclude that the statute at issue is clear and unambiguous and does not require a causal connection between the maintenance work and the property damage. The statute states that damage occurring "within the course of a business" that involves repairing, servicing, or otherwise maintaining automobiles is excluded from coverage. Here, the dealership apparently had been in the midst of repairs to the Ford Escort when it had to stop work to wait for necessary parts. The fire commenced while the

vehicle was being held in a vehicle-storage area pending the arrival of the parts. Clearly, storing a vehicle pending the arrival of parts constituted part of Jerome Duncan Ford's "course of business." Accordingly, the damage did indeed fall within the second sentence of MCL 500.3121(1), and defendant thus was not responsible for providing coverage for the property damage to the dealership.[1]

In its brief on appeal, plaintiff refers to the written legislative analysis of the statute in question. Although part of the legislative analysis concerning MCL 500.3121(1) suggests that the Legislature desired to shield no-fault automobile insurers from having to pay for damages *caused by* a mechanic or shop owner while servicing a car, see House Legislative Analysis, HB 4318, April 27, 1993, we note that legislative analyses are unpersuasive tools of statutory construction. *Columbia Assoc, LP v Dep't of Treasury*, 250 Mich App 656, 687; 649 NW2d 760 (2002). Moreover, if the language of the statute is clear and unambiguous, no interpretation beyond the words of the statute is permitted and legislative analyses cannot be considered. *Detroit Edison Co v Celadon Trucking Co*, 248 Mich App 118, 124-125; 638 NW2d 169 (2001). Here, the statute at issue clearly shielded defendant from having to pay for the damage to the dealership.

---

[1] Although it is not necessary to our decision, we note that if the second sentence had not been added to MCL 500.3121(1) by 1993 PA 290, it appears that defendant would indeed have been responsible for covering the damage in this case, because this Court has held that damage resulting from a spontaneous combustion of a vehicle that is at a garage where it is undergoing repairs constitutes accidental damage arising out of the maintenance of a motor vehicle. See *Michigan Mut Ins Co v CNA Ins Cos*, 181 Mich App 376, 382; 448 NW2d 854 (1989).

The trial court erred in denying defendant's motion for summary disposition.

Reversed and remanded for entry of judgment in favor of defendant. We do not retain jurisdiction.