AUTO CLUB INSURANCE ASSOCIATION v NOVI CAR WASH

Docket No. 264070. Submitted December 6, 2006, at Detroit. Decided December 19, 2006, at 9:15 a.m. Leave to appeal sought.

Auto Club Insurance Association, individually and as the subrogee of Robert Parrot, brought an action in the 52-1 District Court against Novi Car Wash, seeking to recover for damage that occurred to Parrot's car at the car wash. The district court, Brian W. MacKenzie, J., granted the defendant summary disposition, concluding that the matter was governed by the provisions of the no-fault act, MCL 500.3101 *et seq.*, concerning property protection insurance benefits, payment of which was the plaintiff's responsibility as the no-fault insurer. The Oakland Circuit Court, Edward Sosnick, J., affirmed, and the plaintiff applied for leave to appeal. The Court of Appeals, FITZGERALD, P.J., and GAGE and COOPER, JJ., denied leave to appeal in an unpublished order entered September 24, 2004. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 473 Mich 881 (2005).

The Court of Appeals *held*:

The lower courts erred by granting or upholding summary disposition to defendant on the ground that this was a no-fault case. MCL 500.3121(1) specifies an insurer's duty to pay property protection insurance benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. While that section includes accidental damage to the motor vehicle that occurs in the course of a business of repairing, servicing, or maintaining motor vehicles, the insurer's duty to pay benefits is nonetheless also subject to MCL 500.3123, 500.3125, and 500.3127. Portions of those statutes exclude the vehicle in this case from property protection insurance benefits. Thus, this case is not covered under the no-fault act.

Reversed.

INSURANCE — NO-FAULT — ACCIDENTAL DAMAGE — SUBROGATION.

A no-fault insurer's duty to pay property protection insurance benefits for accidental damage to an insured motor vehicle that

occurs in the course of a business of repairing, servicing, or otherwise maintaining motor vehicles is subject to the provisions of MCL 500.3123, 500.3125, and 500.3127 of the no-fault act, including the exclusions from benefits found in those sections (MCL 500.3121[1]).

*Schoolmaster, Hom, Killeen, Siefer, Arene & Hoehn* (by *Lumpoange Blakeslee Thomas*) and *John A. Lydick* for the plaintiff.

*Kerr, Russell and Weber, PLC* (by *Joanne Geha Swanson*), and *Linda G. Anderson* for the defendant.

Before: JANSEN, P.J., and SAWYER and BANDSTRA, JJ.

PER CURIAM. Plaintiff appeals by leave[1] the circuit court order affirming the district court's grant of summary disposition in favor of defendant. We reverse.

The issue in this case is whether the lower courts erred in finding that this matter is governed by Michigan's no-fault act, MCL 500.3101 *et seq.* Statutory interpretation is a question of law that is considered de novo on appeal. *Eggleston v Bio-Medical Applications of Detroit, Inc,* 468 Mich 29, 32; 658 NW2d 139 (2003). The rules of statutory interpretation require the courts to give effect to the Legislature's intent. *Universal Underwriters Ins Group v Auto Club Ins Ass'n,* 256 Mich App 541, 544; 666 NW2d 294 (2003).

In 1973, the Michigan no-fault act became law. That law requires, among other things, that the owner or registrant of a motor vehicle maintain security for payment of benefits under property protection insur-

[1] Plaintiff's application for leave to appeal in this Court was initially denied. Plaintiff then filed an application for leave to appeal in the Supreme Court, and, in lieu of granting leave to appeal, the Supreme Court remanded the case to this Court for consideration as on leave granted. 473 Mich 881 (2005).

ance. MCL 500.3101(1). Property damage protection benefits are covered by §§ 3121 through 3127 of the act. MCL 500.3121 through 500.3127. Specifically, § 3121(1) provides:

> Under property protection insurance an insurer is liable to pay benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle subject to the provisions of this section and sections 3123, 3125, and 3127. However, accidental damage to tangible property does not include accidental damage to tangible property, other than the insured motor vehicle, that occurs within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles. [MCL 500.3121(1).]

At issue in this case is the scope of the second sentence of § 3121(1), which provides that "accidental damage to tangible property" includes damage to the insured motor vehicle that occurs within the course of a business of repairing, servicing, or maintaining motor vehicles. Plaintiff argues that an insurer's liability to pay benefits for that accidental damage is still subject to §§ 3123, 3125, and 3127, as provided in the first sentence of § 3121(1). Defendant argues that the second sentence of § 3121(1) always requires a no-fault insurer to pay for accidental damage to the insured vehicle if the insured motor vehicle is damaged in the course of the business of maintaining the insured motor vehicle.

The first criterion in determining intent is the specific language of the statute. *Halloran v Bhan*, 470 Mich 572, 577; 683 NW2d 129 (2004). The fair and natural import of the terms employed, in view of the subject matter of the law, governs. *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998). If the plain and ordinary meaning of the language is clear, judicial construction is

neither necessary nor permitted. *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005).

The specific language of the statute supports plaintiff's interpretation. The second sentence of § 3121(1) defines and limits the phrase "accidental damage to tangible property" found in the first sentence of § 3121(1). Whatever the unmodified definition of "accidental damage to tangible property" is, if the damage occurs in the course of a business of maintaining motor vehicles, only damage to the insured motor vehicle is considered "accidental damage to tangible property." No language in the second sentence mandates that the insurer always pay for accidental damage to the insured motor vehicle or that the payment of benefits for the accidental damage is not subject to the provisions of §§ 3123, 3125, and 3127. Instead, damage to the insured motor vehicle that occurs in the course of the business of maintaining motor vehicles is merely accidental damage to tangible property for which the insurer may or may not be liable, depending on other provisions of the no-fault act.

Because the plain and ordinary meaning of the language used in § 3121(1) is clear, judicial construction is neither necessary nor permitted. *Nastal, supra* at 720. Under that plain language, an insurer's duty to pay benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle is subject to the provisions of §§ 3123, 3125, and 3127. Defendant does not dispute that, if plaintiff's interpretation of the statute is correct, both § 3123(1)(a) and § 3123(1)(b) would exclude the vehicle in this case from property protection insurance benefits. Plaintiff's interpretation is correct, and this case is not subject to no-fault

property protection insurance coverage. We therefore conclude that the lower courts erred by granting or upholding summary disposition to defendant on the ground that this was a no-fault case.

Reversed.