*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT MANUEL-GUY MCCOY,

        Defendant-Appellant.

UNPUBLISHED
July 30, 2019

No. 340306
Hillsdale Circuit Court
LC No. 13-373061-FC

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's order denying his motion for resentencing. We affirm.

Following a jury trial, defendant was convicted of one count of assault with intent to do great bodily harm less than murder in violation of MCL 750.84. The trial court sentenced defendant as a fourth offense habitual offender. Defendant moved for the correction of his sentence and resentencing on the ground that the prosecution failed to comply with the mandatory notice requirements in MCL 769.13(2). The trial court denied defendant's motion and his motion for reconsideration.

Defendant argues that the trial court abused its discretion when it denied his motion for re-sentencing based upon the prosecution's failure to serve him the habitual offender notice required under MCL 769.13(2) and never filed a proof of service with the clerk of court. We agree.

We review a trial court's denial of a motion for resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). An abuse of discretion occurs when the trial court chooses an outcome that is outside the range of principled outcomes. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). We review questions of statutory interpretation and application de novo. *Nason v State Employees' Retirement Sys*, 290 Mich App 416, 424; 801 NW2d 889 (2010).

Our analysis of the issues in this case begins with statutory interpretation and application. When courts interpret statutes created by the Legislature, they must first look to the specific

statutory language to determine the intent of the Legislature. Where the language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted. *Universal Underwriters Ins Group v Auto Club Ins Ass'n*, 256 Mich App 541, 544; 666 NW2d 294 (2003). "Judicial construction of a statute is only permitted when statutory language is ambiguous," and ambiguity exists "only if it creates an irreconcilable conflict with another provision or it is equally susceptible to more than one meaning." *Noll v Ritzer (On Remand)*, 317 Mich App 506, 511; 895 NW2d 192 (2016).

In this case, defendant challenges the trial court's interpretation and application of MCL 769.13, which provides in relevant part as follows:

(1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

(2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court.

We find no ambiguity in these statutory provisions. The plain language of the statute unambiguously required the prosecution to follow a specific procedure when it sought an enhanced sentence upon conviction. It appears that the prosecution complied with Section (1) and the content portion of Section (2). Subsection (1) sets the time limit for filing a written notice of the prosecution's intent. Such notice must be filed within 21 days after an arraignment or 21 days after the filing of the information if a defendant waived the arraignment. Section (2) requires that the notice list every conviction upon which the prosecution intends to rely to support the requested enhancement. Defendant waived arraignment on May 23, 2013, the prosecution filed the felony information on May 24, 2013, and filed the habitual offender notice on May 29, 2013. The habitual offender notice filed in this case listed three prior convictions that the prosecution intended to rely upon for proof of defendant's habitual offender status. Thus, the record reflects that the prosecution partially complied with the timing and content requirements of MCL 769.13(2).

The plain language of MCL 769.13(2), however, also required the prosecution to personally serve defendant or his attorney the habitual offender notice. Because defendant waived arraignment, the prosecution had to serve defendant or his attorney in the manner provided by law or court rule for service of written pleadings. The prosecution was also required

to file a written proof of service with the clerk of the court. Neither notice is recorded in the register of actions for this case or otherwise presented to this Court for review.

In *People v Cobley*, unpublished per curiam opinion of the Court of Appeals, issued April 20, 1999 (Docket No. 204155), this Court affirmed the trial court's sentencing of the defendant as a habitual offender despite the prosecution's failure to serve him the habitual offender notice. The prosecutor informed the trial court, defense counsel and the defendant at the arraignment that it would file a supplemental information with the habitual enhancement. Defense counsel later acknowledged this as actual notice of the prosecution's intent to file and that he used the habitual offender charge as a part of the defendant's plea negotiations. Defendant sought leave to appeal and the Michigan Supreme Court ordered in lieu of granting leave to appeal that, on remand, the defendant's sentence be vacated because the prosecution failed to prove that the habitual offender notice seeking sentence enhancement was served on defendant within 21 days after the defendant's arraignment. *People v Cobley*, 463 Mich 893; 618 NW2d 768 (2000).

In *People v Muhammad*, unpublished per curiam opinion of the Court of Appeals, issued July 29, 2014 (Docket No. 317054), this Court granted leave to address the prosecution's interlocutory appeal of the trial court's order dismissing the habitual offender notice for failure to timely serve the defendant. Neither the defendant nor his counsel received a copy of the habitual offender notice when it was filed and defendant was forwarded a copy some 25 days later. On appeal, the prosecutor argued the failure to serve within the 21-day statutory timeframe was harmless because defendant had actual notice of its intent to file. This Court agreed but found the error was not outcome determinative. Defendant sought leave to appeal. *Muhammad*, 498 Mich 909; 870 NW2d 729 (2015). The Michigan Supreme Court in lieu of granting the defendant leave to appeal, considered the notice requirement specified in MCL 769.13 and stated:

> The prosecutor has conceded that it did not timely serve the habitual offender notice under MCL 769.13. On remand, we direct the Court of Appeals to determine whether the trial court erred by concluding that the proper remedy for the prosecutor's statutory violation was dismissal of the habitual offender notice. See *In re Forfeiture of Bail Bond*, 496 Mich 320; 852 NW2d 747 (2014).

On remand, a panel of this Court reconsidered the compulsory language of the statute and found the proper remedy was dismissing the habitual offender notice because where the prosecution had failed to timely serve the habitual offender notice it could not then proceed against the defendant as such. *People v Muhammad*, unpublished per curiam opinion of the Court of Appeals, issued December 22, 2015 (Docket No. 317054).

In his Standard 4 Brief, defendant relies on *People v Straughter*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2017 (Docket No. 328956). The *Straughter* Court followed *Cobley* and remanded for resentencing without the habitual enhancement where the prosecutor failed to file a written proof of service. The Court found that while there was a felony information in the court file that noted the habitual offender charge, there was no written proof of service filed as required under the statute. *Straughter* is now pending oral argument in our Supreme Court on the prosecution's application for leave in part to consider whether a harmless-error analysis is applicable to MCL 769.13's notice requirements and whether the

prosecutor may establish notice to a defendant other than by a proof of service. *People v Straughter*, 501 Mich 944; 904 NW2d 633 (2017).

Since *Straughter*, our Court has decided *People v Head*, 323 Mich App 526; 917 NW2d 752 (2018), app den 920 NW2d 145 (2018). *Head* held that the failure to file a proof of service of the notice of intent to enhance the defendant's sentence was harmless if the "defendant had actual notice of the prosecutor's intent to seek an enhanced sentence and defendant was not prejudiced in his ability to respond to the habitual offender notification." *Id*. at 544. The Court considered that the defendant received a copy of the felony information with the enhancement at the arraignment, received actual notice on the record at the preliminary examination, acknowledged the enhancement again on the record at a pretrial hearing, and had access to the charging documents throughout. The Court also noted that neither the defendant nor his counsel expressed surprise at sentencing concerning the enhancement. *Id*. at 544-545. Our Supreme Court has since denied leave to appeal.

Applying the precedent of *Head* to this case, we find that the trial court did not abuse its discretion in declining to re-sentence. The defendant has not argued that counsel was without access to the court file that contained the habitual notice. He does not dispute the court's reference to the request from the prosecution for enhancement well in advance of trial. Neither he nor counsel expressed surprise when asked after conviction to acknowledge the underlying convictions upon which the enhancement request was made. Thus, under a harmless error analysis, no harm can be shown and no relief is required.

In his Standard 4 Brief, defendant asserts that the trial court's conduct violated constitutional principles. This argument was neither presented to nor addressed by the trial court. Accordingly, defendant failed to preserve these claims of error for appellate review. See *Heydon v MediaOne*, 275 Mich App 267, 281; 739 NW2d 373 (2007). Defendant also failed to properly brief the issues with citation to authority. This Court has explained that, "where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (quotation marks and citation omitted). Because defendant failed to cite authority and fully explain the rationale for his claims of error, we find that defendant abandoned them and decline to address them. Moreover, resolution of them is unnecessary to the disposition of this case.

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens