*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OAK PARK CROWN POINTE, LLC,

Petitioner-Appellant,

v

CITY OF OAK PARK,

Respondent-Appellee.

UNPUBLISHED
December 12, 2019

No. 345819
Tax Tribunal
LC No. 2018-003490

Before: SWARTZLE, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Petitioner Oak Park Crown Pointe, LLC, appeals as of right the Michigan Tax Tribunal's (MTT) opinion and order granting respondent summary disposition of petitioner's appeal of respondent's 2018 property tax assessment of petitioner's commercial property. We reverse.

## I. FACTS

During 2017, petitioner purchased commercial property including an office building in Oak Park. Before the purchase, for the 2017 tax year, the subject property had a true cash value (TCV) of $3,932,000 and a taxable value (TV) of $1,966,000. After the purchase, in July 2018, petitioner received a summer tax bill stating that the property had a TCV of $9,851,800 and an assessed value (AV) of $4,925,900. Consequently, on July 25, 2018, petitioner filed a petition with the MTT alleging that the 2018 summer tax bill represented an increase of more than 150% in the property's TCV and that the valuation method respondent used for its property differed from the valuation method used for all other commercial properties within the city. Petitioner alleged that the 2018 assessment and the taxes levied and collected were invalid and unlawful under MCL 211.27, and that the 2018 assessment violated petitioner's "constitutional rights to uniformity, equal protection, and due process of law." Petition requested that the MTT enter an order reducing the TCV to $4,128,600, reducing the state equalized value (SEV) and the TV to $2,064,300, and requiring a refund "attributable to such reductions, plus interest and costs."

Petitioner asserted that it never received a 2018 notice of assessment for the property and did not learn of the increase in valuation until it received the summer tax bill after July 1, 2018. Petitioner argued that it timely appealed to the MTT because it filed its petition within 35 days of

-1-

receipt of its summer tax bill. It also argued that the MTT had jurisdiction under state and federal constitutional due process and equal protection principles.

Respondent answered the petition by admitting that it increased the subject property's value but denied the allegations that the valuation method differed from the method employed to value other properties having the same classification and it denied that the valuation method violated directives of the State Tax Commission. Respondent asserted that it sent petitioner notice of the 2018 assessment on February 18, 2018, making petitioner's appeal untimely warranting dismissal.

Respondent also moved for summary disposition under MCR 2.116(C)(4) and MCR 2.116(C)(10). It asserted that petitioner failed to submit documentation to the MTT showing that it did not receive notice of the 2018 assessment. Respondent claimed that it provided petitioner notice on February 26, 2018, and attached as an exhibit a copy of an undated Amended Notice of Assessment, Taxable Valuation, and Property Classification that specified March 13, 2018 as the date by which petitioner had to contact the assessor's office to appeal. The exhibit included one United States Postal Service mailing group summary USPS Form 3600-R that indicated that a company named Kent Communications, Inc. (KCI) did a bulk mailing of approximately 118,658 pieces. The document had a handwritten note stating that it served as proof of mailing of "Real" and identified several municipalities including respondent. The exhibit also included another mailing group summary USPS Form 3600-R that indicated that KCI bulk mailed another 15,000 pieces. The document had a handwritten note stating that it served as proof of mailing "Personal: All Communities Except Kazoo, NV." The unsigned summaries did not specify any addresses to which any of the pieces were mailed.

Respondent also attached as an exhibit to its motion an affidavit of Joseph Wujkowski, the CEO of KCI, in which he averred that the company performed mailing services for 300 municipalities in Michigan to mail among other things tax bills and assessments. He stated that KCI worked with WCA Assessing to print and mail assessment change notices for municipalities including respondent. Wujkowski attested that KCI printed and mailed 10,316 real property assessment notices for respondent on February 23, 2018, and declared that it had a proof of mailing that included mailing items for respondent in a USPS 3602 Form document. Wujkowski's affidavit did not attach a copy of such document.

Respondent asserted in its motion that, under MCL 205.735a(6), to invoke the jurisdiction of the MTT respecting an assessment dispute, a party had to file its petition by May 31 of the tax year involved. Respondent stated that petitioner failed to timely file its petition and thereby failed to timely invoke the MTT's jurisdiction, and no genuine issue of fact existed in that regard. In its supporting brief, respondent argued that MCL 205.735a(6) specified the deadline by which a petitioner could file an assessment dispute and failure to comply with the deadline resulted in the MTT lacking jurisdiction to consider the petition. Respondent asserted that petitioner filed its petition five months after the deadline, requiring dismissal of the petition.

Petitioner opposed respondent's motion and relied on affidavits of three individuals: Kelly Ross, a financial administrator for Commercial Financial Management (CFM), the company that managed the subject property; Garrett Middlekauf, CFM's Vice President of Operations; and Karen Cubba, another financial administrator for CFM. Petitioner asserted that

it timely filed its appeal on July 25, 2018, because it filed within 35 days of receiving notice of the 2018 assessment which the summer tax bill first provided.

Ross attested in her affidavit that CFM managed the subject property located at 25900 Greenfield Road, Oak Park, Michigan. She stated that she worked at CFM's offices located at 320 Martin St, Suite 200, Birmingham, Michigan, and had the sole responsibility for the subject property, including receiving and opening all mail regarding it. She attested that during the last two weeks of February 2018 and the month of March 2018, she worked in the office during business days and she did not receive a notice of assessment for the 2018 tax year for the subject property. She averred that she first learned of respondent's 2018 assessment for the subject property in July 2018 when the summer tax bill arrived, which caused her to immediately inform Middlekauf of the amount and together they determined that the subject property's SEV and TV had been increased to $4,925,900, resulting in additional annual taxes of over $200,000.

Middlekauf similarly attested in his affidavit that he worked at CFM's offices during February and March 2018 and he did not receive a notice of assessment for the subject property. He averred that he only learned of the assessment when Ross showed him the July 2018 summer property tax bill for the subject property. Cubba attested in her affidavit that she worked in CFM's office and that Ross had responsibility to receive and open mail regarding the subject property. She averred that she did not recall the CFM office receiving a notice of assessment for the 2018 tax year, and if she had, she would have immediately given it to Ross.

Petitioner asserted in its opposition brief that it never received the notice respondent claimed that it sent and that respondent failed to prove that it mailed the notice. Petitioner contended that, even if a taxpayer fails to file by the statutory deadline, our Supreme Court and this Court have held that a taxpayer remains entitled to have its appeal heard to afford due process and not deprive the taxpayer of its constitutional right. Petitioner argued that MCL 205.735a is not a jurisdictional statute, and even if it is, due process required respondent to provide petitioner notice. Petitioner asserted that the affidavits on which it relied rebutted the presumption that it received notice of the assessment. It argued that Wujkowski's affidavit failed to affirmatively state that KCI included and mailed the notice of assessment for the subject property with the bulk mailing, and Wujkowski could not establish that he had personal knowledge that the notice had been mailed to petitioner. Petitioner contended that, when a petitioner is denied due process because the taxing authority failed to provide notice of an assessment, the MTT may hear the petitioner's claims even if not timely filed under MCL 204.735a(6).

The MTT treated respondent's MCR 2.116(C)(4) motion as one brought under (C)(7) stating a statute of limitations defense and granted the motion. The MTT stated that Wujkowski's affidavit established that the notice of assessment had been mailed as prescribed under MCL 211.24c. The MTT concluded that petitioner failed to establish an issue of fact that:

> (1) Respondent had knowledge that the first mailing was not received and failed to take reasonable steps to notify Petitioners, (2) the notice was undeliverable or untimely mailed, (3) Respondent used an inadequate substitute to provide notice when personal notice by mail was possible, or (4) Respondent failed to use

-3-

Petitioners' last known address when said address existed in Respondent's records.

The MTT found that no dispute of fact existed whether respondent sent the notice and that petitioner failed to timely file its petition as required under MCL 205.735a.

## II. STANDARDS OF REVIEW

This Court generally limits its appellate review of MTT decisions. *Columbia Assoc, LP v Dep't of Treasury*, 250 Mich App 656, 665; 649 NW2d 760 (2002). In *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010) (quotation marks and citations omitted), our Supreme Court explained the standards applicable to review of MTT decisions:

> If fraud is not claimed, this Court reviews the Tax Tribunal's decision for misapplication of the law or adoption of a wrong principle. We deem the Tax Tribunal's factual findings conclusive if they are supported by competent, material, and substantial evidence on the whole record. But when statutory interpretation is involved, this Court reviews the Tax Tribunal's decision de novo. We also review de novo the grant or denial of a motion for summary disposition.

Proper statutory interpretation requires giving effect to the intent of the Legislature. *Id.* at 76. If the language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted. *Univ'l Underwriters Ins Group v Auto Club Ins Ass'n*, 256 Mich App 541, 544; 666 NW2d 294 (2003). Clear and unambiguous language in a statute establishes the intent of the Legislature, which this Court then effectuates as written. *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007). "Terms used in a statute must be given their plain and ordinary meaning, and it is appropriate to consult a dictionary for definitions." *EldenBrady v Albion*, 294 Mich App 251, 254-255; 816 NW2d 449 (2011). "Judicial construction of a statute is only permitted when statutory language is ambiguous," and ambiguity exists "only if it creates an irreconcilable conflict with another provision or it is equally susceptible to more than one meaning." *Noll v Ritzer (On Remand)*, 317 Mich App 506, 511; 895 NW2d 192 (2016). Courts "may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Snead v John Carlo, Inc*, 294 Mich App 343, 355; 813 NW2d 294 (2011).

"In reviewing a motion for summary disposition under MCR 2.116(C)(7), a court considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence." *McLean v City of Dearborn*, 302 Mich App 68, 72-73; 836 NW2d 916 (2013). Documentary evidence must be viewed in a light most favorable to the nonmoving party. *Moraccini v City of Sterling Hts*, 296 Mich App 387; 822 NW2d 799 (2012). When the motion is premised on a statute of limitations, if affidavits and other documentary evidence show that there is no genuine issue of material fact concerning the running of the statutory period, the issue is a matter of law for the court. *Adams v Adams*, 276 Mich App 704, 720; 742 NW2d 399 (2007).

We review de novo a motion for summary disposition pursuant to MCR 2.116(C)(4). *Weishuhn v Catholic Diocese of Lansing*, 279 Mich App 150, 155; 756 NW2d 483 (2008). We also review de novo whether the MTT had jurisdiction to hear an appeal. *Kasberg v Ypsilanti Twp*, 287 Mich App 563, 566; 792 NW2d 1 (2010). "In reviewing a motion under MCR 2.116(C)(4), it is proper to consider the pleadings and any affidavits or other documentary evidence submitted by the parties to determine if there is a genuine issue of material fact" that demonstrates "a lack of subject matter jurisdiction." *Toaz v Dep't of Treasury*, 280 Mich App 457, 459; 760 NW2d 325 (2008) (quotation marks and citations omitted). We review de novo constitutional issues. *Kampf v Kampf*, 237 Mich App 377, 381; 603 NW2d 295 (1999).

## III. ANALYSIS

Pursuant to MCL 205.731(a), the Tax Tribunal has exclusive and original jurisdiction over "[a] proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state." As explained in *Hillsdale Co Senior Servs, Inc v Hillsdale County*, 494 Mich 46, 53; 832 NW2d 728 (2013),

> for the tribunal to have jurisdiction pursuant to MCL 205.731(a), four elements must be present: (1) a proceeding for direct review of a final decision, finding, ruling, determination, or order; (2) of an agency; (3) relating to an assessment, valuation, rate, special assessment, allocation, or equalization; (4) under the property tax laws. Where all such elements are present, the tribunal's jurisdiction is both original and exclusive.

In MCL 205.735a, the Legislature defined the MTT's authority respecting, among other things, commercial real property assessment disputes and provided in relevant part as follows:

> (2) A proceeding before the tribunal is original and independent and is considered de novo.
>
> * * *
>
> (4) In the 2007 tax year and each tax year after 2007, all of the following apply:
>
> (a) For an assessment dispute as to the valuation or exemption of property classified under section 34c of the general property tax act, 1893 PA 206, MCL 211.34c, as commercial real property, industrial real property, or developmental real property, the assessment may be protested before the board of review or appealed directly to the tribunal without protest before the board of review as provided in subsection (6).
>
> * * *
>
> (6) The jurisdiction of the tribunal in an assessment dispute as to property classified under section 34c of the general property tax act, 1893 PA 206, MCL

211.34c, as commercial real property . . . is invoked by a party in interest, as petitioner, filing a written petition on or before May 31 of the tax year involved.

\* \* \*

In all other matters, the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 35 days after the final decision, ruling, or determination. An appeal of a contested tax bill shall be made within 60 days after mailing by the assessment district treasurer and the appeal is limited solely to correcting arithmetic errors or mistakes and is not a basis of appeal as to disputes of valuation of the property, the property's exempt status, or the property's equalized value resulting from equalization of its assessment by the county board of commissioners or the state tax commission.

\* \* \*

(7) A petition is considered filed on or before the expiration of the time period provided in this section or by law if 1 or more of the following occur:

(a) The petition is postmarked by the United States postal service on or before the expiration of that time period.

(b) The petition is delivered in person on or before the expiration of that time period.

(c) The petition is given to a designated delivery service for delivery on or before the expiration of that time period and the petition is delivered by that designated delivery service or, if the petition is not delivered by that designated delivery service, the petitioner establishes that the petition was given to that designated delivery service for delivery on or before the expiration of that time period.

Petitioner argues that the May 31 statutory deadline for filing an appeal of a commercial property tax assessment does not bar its appeal because the affidavits it submitted to the MTT established that petitioner never received notice of the assessment required under MCL 211.24c and respondent failed to establish that it mailed the assessment to petitioner. Petitioner contends that, at the very least, a genuine issue of material fact exists whether respondent provided notice by mailing the assessment to petitioner or failed to fulfill its statutory obligation depriving petitioner its constitutional right to due process. We agree.

Petitioner claims that respondent violated its right to due process by not giving notice of respondent's 2018 tax assessment that substantially increased the TCV, AV, and SEV of the subject property. This case involves an issue of statutory interpretation and involves the interplay between respondent's statutory obligation to provide petitioner notice of the assessment and petitioner's obligation to meet the statutory requirements under MCL 205.735a for disputing respondent's change in the subject property's tax assessment.

"Due process is satisfied when a taxpayer has a fair opportunity to challenge the accuracy and legal validity of their tax obligation and a clear and certain remedy for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one." *By Lo Oil Co v Dep't of Treasury*, 267 Mich App 19, 29; 703 NW2d 822 (2005) (quotation marks and citation omitted). In *Cummings*, 210 Mich App at 253, this Court explained that constitutional sufficiency requires

> notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker. The opportunity to be heard does not mean a full trial-like proceeding, but it does require a hearing to allow a party the chance to know and respond to the evidence.

Under MCL 211.24(1) of Michigan's General Property Tax Act (GPTA), MCL 211.1a *et seq.*, by the first Monday in March each year, an assessor must make and complete an assessment roll that specifies the name and address of every person liable to be taxed in the local tax collecting unit, whether or not the owner is known, and state in the assessment roll an estimate of the TCV and AV of the real property. The assessor must "give to each owner or person or persons listed on the assessment roll of the property a notice by first-class mail of an increase in the tentative state equalized valuation or the tentative taxable value for the year." MCL 211.24c(1). Among other things, the notice must specify the parcel, the taxable values for the current and preceding year, and the time and place of the meeting of the board of review. *Id*. The notice must be mailed to the owner of the property "not less than 14 days before the meeting of the board of review." MCL 211.24c(4). However, "[t]he failure to send or receive an assessment notice does not invalidate an assessment roll or an assessment on that property." *Id*.

In this case, petitioner sought review of respondent's assessment of the subject property because respondent allegedly unlawfully increased substantially the subject property's TCV, SEV, and TV. Petitioner asserted that respondent failed to fulfill its statutory duty to provide notice of the changed assessment by mail as required under MCL 211.24c(1). Respondent sought summary dismissal of the petition on the ground that petitioner received notice via first-class mail but failed to timely file its petition resulting in the MTT's lack of jurisdiction to even consider the petition. Respondent relied on Wujkowski's affidavit as proof that it provided petitioner notice via first-class mail. Petitioner argued to the MTT, and again argues on appeal, that Wujkowski's affidavit failed to establish that respondent provided it notice of the assessment. The MTT relied on the copy of the assessment, the documentation that KCI mailed 118,658 pieces of mail, and Wujkowski's affidavit for its finding that respondent gave petitioner notice and that petitioner failed to timely appeal the assessment, requiring dismissal of the petition on statute of limitations grounds.

In this case, respondent relied on a copy of the notice, the USPS proof of bulk mailing of a large quantity of items by KCI, and Wujkowski's affidavit. These items merely provided vague and speculative evidence regarding whether a notice may have been mailed to petitioner.

In response to respondent's summary disposition motion, petitioner presented to the MTT the sworn testimony of three affiants who attested to facts that directly controverted respondent's assertions that it provided petitioner notice. They averred that petitioner never received notice of the assessment and only became aware of the assessment increase upon receipt of the summer

tax bill. Viewing the evidence in this case in the light most favorable to petitioner, competent, material, and substantial evidence on the whole record did not support the MTT's finding that respondent gave petitioner notice as unambiguously required under MCL 211.24c(1). At the very least, petitioner established the existence of a genuine issue of material fact regarding whether respondent provided petitioner the requisite notice or failed to do so and thereby deprived petitioner of due process. Because a genuine issue of fact existed, the MTT erred by granting respondent summary disposition. Therefore, we reverse and remand for further proceedings.

On remand, the MTT should develop the record fully so that it may make a determination supported by competent, material, and substantial evidence on the whole record regarding whether respondent provided petitioner the requisite notice. We are cognizant that evidence may establish that respondent met its statutory duty, but the record before us reveals only that an issue of fact exists in that regard.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ James Robert Redford

-8-