*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

B.D. CHRISTENSON,

Plaintiff-Appellee,

v

SECRETARY OF STATE and BOARD OF STATE
CANVASSERS,

Defendants-Appellants.

FOR PUBLICATION
March 11, 2021
9:30 a.m.

No. 354037
Court of Claims
LC No. 20-000110-MB

Before: REDFORD, P.J., and SAWYER and BOONSTRA, JJ.

REDFORD, P. J.

Defendants, Michigan's Secretary of State and the Board of State Canvassers (the Board), appeal as of right the Court of Claims' order granting plaintiff, B.D. Christenson, a writ of mandamus ordering defendants to accept plaintiff's nominating petitions for judicial office and ordering them to place plaintiff on the August 4, 2020 primary ballot. We affirm.

## I. BACKGROUND

In 2020, plaintiff sought to run as a nonincumbent judicial circuit judge candidate. He resided in Grand Blanc, Michigan, in Genesee County, and had a law practice located at 302 E. Court Street, Flint, Michigan, also in Genesee County. Plaintiff formed a candidate committee called "Friends of Bernhardt Chris Christenson" with a registered address of 302 E. Court Street, Flint, Michigan.

MCL 168.413(1) required plaintiff to file nominating petitions "containing the signatures, addresses, and dates of signing of a number of qualified and registered electors residing in the judicial circuit." Under MCL 168.544c, nominating petition forms are required to state the nonpartisan judicial candidate's name and address. Plaintiff listed 302 E. Court Street, Flint, Michigan, the address of his law practice and committee headquarters, not his residential address.

On January 27, 2020, before gathering signatures from the electorate, plaintiff sent an e-mail to the Secretary of State requesting confirmation regarding the accuracy of his nominating petitions. He followed up two days later because he had not received a response and asked further

whether any corrections were required. The Secretary of State responded affirmatively that his nominating petitions contained accurate information. Plaintiff, therefore, obtained signatures on his petitions and on March 5, 2020, he submitted to the Secretary of State his nominating petitions with a sufficient number of elector signatures. Two months later, an opponent seeking the same judicial office filed a challenge to the validity of plaintiff's nominating petitions on the ground that he listed his business and candidate committee's address but not his residential address where he was registered to vote. Plaintiff opposed the challenge on the ground that MCL 168.544c(1) did not require his residential address. On May 26, 2020, the Bureau of Elections issued a Staff Report recommending that the Board conclude that plaintiff's nominating petitions were insufficient because plaintiff incorrectly provided the address of his business instead of his residential address.

The Board held a meeting on May 29, 2020, to determine the sufficiency of petitions filed by candidates for the August primary election. Plaintiff argued that his nominating petitions complied with the plain meaning of MCL 168.544c(1) and also contended that the challenge against his nominating petitions had been untimely filed long after the April 28, 2020 deadline. The Board adopted the Staff Report recommendation of the Bureau of Elections and concluded that plaintiff's nominating petitions were insufficient, and therefore, plaintiff could not be certified as a candidate for the August 4, 2020 primary election.

The Board's action prompted plaintiff to file under MCR 3.305 a complaint for a writ of mandamus and an ex parte motion for an order for defendants to show cause on the grounds he had a clear right to be added to the August 4, 2020 primary ballot. Among other reasons, plaintiff alleged that MCL 168.544c(1) did not require plaintiff to list his residential address in the heading of the nominating petitions and made no mention of requiring a candidate's "residence address" or "residential address;" whereas, the Legislature used those terms in other provisions of the Michigan Election Law, MCL 168.1 *et seq*. On June 3, 2020, the circuit court transferred this case to the Court of Claims. Defendants opposed plaintiff's complaint for a writ of mandamus arguing that, although MCL 168.544c(1) does not specify identification of a candidate's "residence" or "residential" address, the statute plainly requires the candidate's residential address on the nominating petitions to show signers that the candidate is a qualified and registered elector in the district in which the candidate seeks office. Defendants further contended that the term is ordinarily understood as the candidate's residence address. Plaintiff filed a reply in which he argued that defendants were duty bound to accept his nominating petitions because they complied with the plain language of MCL 168.544c(1) requiring issuance of a writ of mandamus ordering them to certify him as a candidate to be placed on the primary ballot.

On June 10, 2020, the Court of Claims issued an opinion and order granting plaintiff's request for issuance of a writ of mandamus. The Court of Claims interpreted the plain language of MCL 168.544c(1) and agreed with plaintiff that a candidate's residential address is not required on a nominating petition. The Court of Claims explained:

> [A] residential address is not required on a nominating petition. The statute uses the term "address" and "street address." There has been no dispute that, at least on some level, that which plaintiff provided, i.e., his office address, was an "address" and/or a "street address" that belonged to or was associated with plaintiff. And that is sufficient to effectively end the inquiry, because the plain language of the statute does not leave any room for concluding that the terms "address" or "street address"

-2-

are subject to a qualifier such as residential, i.e., that the statute requires a "residential address." In this respect, there is no merit to defendants' contention that the purpose of placing a candidate's "address" or "street address" on the petitions is to verify that the candidate is qualified to seek office in the particular district or county. Such verification is already achieved by way of the AOI and the AOCQ,[1] which expressly request a "residential" address. These basic eligibility requirements are set forth in MCL 168.411, which is a section of Michigan Election Law that is separate and apart from the section at issue on nominating petitions, i.e., MCL 168.544c. As a result, the Court declines defendants' invitation to read into MCL 168.544c's use of the terms "address" or "street address" any qualifiers not expressly included by the Legislature.

The Court of Claims concluded that, if the Legislature intended for a candidate to provide a "residence address" or "residential address" on nominating petitions, the Legislature would have expressly required candidates do so. The Court of Claims found that plaintiff met the requirements for appearing on the ballot and held that he had a clear right to be included on the August 4, 2020 primary ballot, and defendants had a commensurate duty to place him on that ballot. Defendants now appeal.

## II. STANDARD OF REVIEW

"We review de novo, as questions of law, whether defendants have a clear legal duty to perform and whether plaintiff has a clear legal right to performance of any such duty." *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016) (citation omitted). "Related issues of statutory interpretation are also reviewed de novo." *Id*. (citation omitted). "Contrastingly, because mandamus is a discretionary writ, we review for an abuse of discretion a trial court's decision regarding whether to grant mandamus relief[.]" *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

## A. MOOTNESS

Preliminarily, we consider whether the matter has been rendered moot because both the August 4, 2020 primary election and the November 2020 general election have taken place. In *Barrow v Detroit Election Comm*, 305 Mich App 649, 659-660; 854 NW2d 489 (2014) (quotation marks and citations omitted), this Court provided the following guidance:

This Court's duty is to consider and decide actual cases and controversies. We generally do not address moot questions or declare legal principles that have no practical effect in a case. An issue is moot if an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if

---

[1] AOI means "affidavit of identity," and AOCQ means "affidavit of constitutional qualification." The Court of Claims noted that, "MCL 168.558(2), which outlines the requirements for an affidavit of identity, i.e., the document establishing eligibility for office, expressly uses the term 'residential address.' "

entered, cannot for any reason have a practical legal effect on the existing controversy. However, a moot issue will be reviewed if it is publicly significant, likely to recur, and yet likely to evade judicial review.

We conclude that the proper interpretation of the terms "address" and "street address" as provided in MCL 168.544c(1) remains publicly significant because candidates in the future could be subject to challenges and potential disqualification from running in an election based upon defendants' interpretation of the statute. Because this appeal presents a publicly significant issue that could arise in the future yet evade judicial review, we consider it.

## B. MCL 168.544c

Defendants argue that the Court of Claims erred by granting plaintiff mandamus relief and ordering the Secretary of State to place plaintiff on the August 4, 2020 primary election ballot. We disagree.

In *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518; 866 NW2d 817 (2014), this Court explained:

> To obtain the extraordinary remedy of a writ of mandamus, the plaintiff must show that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. In relation to a request for mandamus, a clear, legal right is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided.

To determine whether plaintiff had a clear legal right to performance of the specific duty he sought, we must interpret MCL 168.544c. In *TCF Nat'l Bank v Dept of Treasury*, 330 Mich App 596, 606; 950 NW2d 469 (2019), this Court summarized how courts must interpret statutes:

> Proper statutory interpretation requires examination of the specific statutory language to determine the legislative intent. *Univ'l Underwriters Ins Group v Auto Club Ins Ass'n*, 256 Mich App 541, 544; 666 NW2d 294 (2003). "If the language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted." *Id*. (quotation marks and citation omitted). In *Detroit Pub Sch v Conn*, 308 Mich App 234, 247-248; 863 NW2d 373 (2014), this Court explained:
>
> > When interpreting a statute, our goal is to give effect to the intent of the Legislature. The language of the statute itself is the primary indication of the Legislature's intent. If the language of the statute is unambiguous, we must enforce the statute as written. This Court reads the provisions of statutes reasonably and in context, and reads subsections of cohesive statutory provisions together . . . .
> >
> > [N]othing may be read into a statute that is not within the intent of the Legislature apparent from the language of the statute itself.

> Courts may not speculate regarding legislative intent beyond the words expressed in a statute. Hence, nothing may be read into a statute that is not within the manifest intent of the Legislature as derived from the act itself. [Quotation marks and citations omitted.]

"[W]e must give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Nyman v Thomas Reuters Holdings*, *Inc*, 329 Mich App 539, 544; 942 NW2d 696 (2019) (citation omitted).

This appeal concerns the proper meaning of the words "address" and "street address" as set forth in MCL 168.544c(1). MCL 168.544a provides that, generally, "nonpartisan" nominating petitions shall be the same as "partisan" petitions as provided in MCL 168.544c. MCL 168.544c(1) provides the formal requirements of a nominating petition, and states in relevant part as follows:

> A nominating petition must be 8-½ inches by 14 inches in size. On a nominating petition, the words "nominating petition" must be printed in 24-point boldface type. "We, the undersigned," et cetera must be printed in 8-point type. "Warning" and language in the warning must be printed in 12-point boldface type. The balance of the petition must be printed in 8-point type. The name, address, and party affiliation of the candidate and the office for which petitions are signed must be printed in type not larger than 24-point. The petition must be in the following form:

### NOMINATING PETITION

### (PARTISAN)

We, the undersigned, registered and qualified voters

of the city or township of .................. , in the county

  (strike 1)

of ................... and state of Michigan, nominate,

........................................................................ ,

(Name of Candidate)

........................................................................ ,

(Street Address or Rural Route) (City or Township)

as a candidate of the ................... party for the

office of ......................... ,

........................................................................ ,

-5-

(District, if any)

to be voted for at the primary election to be held on

the ............ day of ............. , 20 ........ .

* * *

CERTIFICATE OF CIRCULATOR

* * *

_____

(Printed Name and Signature of Circulator)  (Date)

_____

(Complete Residence Address (Street and Number

or Rural Route)) Do not enter a post office box

_____

(City or Township, State, Zip Code)

_____

(County of Registration, if Registered to Vote, of

a Circulator who is not a Resident of Michigan)

We find nothing ambiguous about the statutory language used by the Legislature in MCL 168.544c(1). The provision requires candidates, among other things, to circulate for signing by the electors a nominating petition that states their name, address, and the office for which the petitions are signed. MCL 168.544c(1) does not specify that the address identified in that portion of the nominating petition be the candidate's residence address. The certification of the circulator portion of nominating petitions, however, must include the name and signature of the circulator with the circulator's "(Complete Residence Address (Street and Number or Rural Route))." The Legislature plainly differentiated between the information required for identification of the candidate and identification of the circulator of the petition. The Legislature qualified the address identification of circulators by specifically requiring the residence address; whereas, candidates must merely state an address.

Elsewhere in the Michigan Election Law, the Legislature has specifically required candidates to identify their residential address. For example, in MCL 168.558(2), which addresses the requirements of an affidavit of identity, the Legislature required:

> An affidavit of identity must contain the candidate's name and residential address; a statement that the candidate is a citizen of the United States; the title of the office sought; a statement that the candidate meets the constitutional and statutory qualifications for the office sought[.]

"[W]hen the Legislature uses different words, the words are generally intended to connote different meanings." *Honigman Miller Schwartz and Cohn LLP v Detroit*, 505 Mich 284, 317; 952 NW2d 358 (2020) (quotation marks and citation omitted). "And this Court is well aware that it should avoid, when reasonably possible, the adoption of essentially synonymous definitions of distinctive terms without the most careful consideration of how those terms will come to be understood within a statutory scheme." *Id*. "Simply put, the use of different terms within similar statutes generally implies that different meanings were intended[, and if] the Legislature had intended the same meaning in both statutory provisions, it would have used the same word." *United States Fidelity & Guaranty Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 14; 795 NW2d 101 (2009) (quotation marks and citation omitted.)

Although the place at which a person has his or her mail and other communication sent is often a residence, this word "address" does not necessarily require its use to mean a residential address. "Residential address" and "address" can have two distinct meanings. Moreover, to read the terms "address" or "street address" to necessarily mean "residential address," would render the term "residential" mere surplusage. We conclude that the plain and ordinary meaning of "address" and "street address" as used in MCL 168.544c(1) respecting candidates, differs from the more specific term "residential address," as used in MCL 168.544c(1) respecting circulators. We are not persuaded by defendants' arguments that the terms "Street Address or Rural Route" are synonymous with "residence address" or "residential address" because, had the Legislature "intended the same meaning in both statutory provisions, it would have used the same word." *United States Fidelity & Guaranty*, 484 Mich at 14.

In this case, plaintiff's nominating petition stated in relevant part as follows:

In the candidate portion of the petition, plaintiff identified himself, the office to which he aspired, and he specified his business address. In the circulator certification portion of the petition, plaintiff printed and signed his name identifying himself as the circulator and set forth his residence address. Plaintiff, therefore, complied with the plain language of MCL 168.544c(1).[2]

We hold that the Court of Claims correctly interpreted and applied MCL 168.544c(1). The record reflects that plaintiff demonstrated his entitlement to mandamus relief. He complied with the plain language requirements of MCL 168.544c(1), and his nominating petitions were sufficient to place his name on the August 4, 2020 primary ballot. Defendants, therefore, were duty bound

---

[2] Defendants argue that "Street Address or Rural Route" must mean "residence address" because the same statutory terminology is used for electors who sign a candidate's nominating petition, see MCL 168.544c(2), and because defendants interpret the language in that context to mean that the elector must supply his or her "residence address." We are not persuaded. As we have explained, the plain language of the statute is to the contrary. And the accuracy of defendants' interpretation of the statutory requirements for electors who sign nominating petitions is not before us.

to certify his nominating petitions and place his name on the August 4, 2020 primary ballot. The Court of Claims did not err by ordering defendants to do so.

Affirmed.

/s/ James Robert Redford
/s/ David H. Sawyer
/s/ Mark T. Boonstra