our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V BRISTOL, No. 152862; Court of Appeals No. 322285. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining question presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V DONTE THOMAS, No. 152918; Court of Appeals No. 320405. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining question presented should be reviewed by this Court. We do not retain jurisdiction.

PEOPLE V RIGGINS, No. 152987; Court of Appeals No. 329911. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Wayne Circuit Court for correction of the judgment of sentence. The trial court improperly ordered both the defendant's sentences for assault with intent to commit great bodily harm, MCL 750.84, and carrying a concealed weapon, MCL 750.227, to be consecutive to his sentence for felony-firearm, MCL 750.227b. On remand, the trial court shall impose only the sentence for assault with intent to commit great bodily harm to be consecutive to the felony-firearm sentence, and shall order concurrent sentences for the defendant's convictions of carrying a concealed weapon and felony-firearm. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court.