# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS LEON NOLL,

Plaintiff-Appellee,

v

DAVID J. RITZER, doing business as STEVE'S
AUTO PARTS,

Defendant-Appellant.

FOR PUBLICATION
October 18, 2016
9:00 a.m.

No. 328131
St Joseph Circuit Court
LC No. 14-000755-AV

Before: K. F. KELLY, P.J., and O'CONNELL and BOONSTRA, JJ.

BOONSTRA, J.

In this case regarding abandonment of a vehicle, defendant appeals as on leave granted[1] the circuit court's order affirming the district court's finding that plaintiff was not required to post a bond under MCL 257.252a in order to proceed with an abandoned vehicle hearing where plaintiff was not seeking release of the vehicle before the hearing. We reverse and remand, directing the circuit court to vacate the district court's order, and for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff sold a motorcycle to a third party for cash, but failed to maintain documentation to prove that the sale had taken place. The third party was subsequently involved in an accident with the motorcycle that involved a fatality. At the direction of the Michigan State Police, defendant towed the motorcycle from the scene and then stored it for nearly a year while the

---

[1] Defendant applied to this Court for leave to appeal the circuit court's order, which we denied. *Noll v Ritzer*, unpublished order of the Court of Appeals, entered October 23, 2015 (Docket No. 328131). On May 2, 2016, our Supreme Court, in lieu of granting leave to appeal, entered an order remanding the case to this Court for consideration as on leave granted. *Noll v Ritzer*, 499 Mich 912; 877 NW2d 888 (2016).

police investigated the incident. The towing fee and storage fees of $35 per day charged by defendant during that time totaled over $11,000.

On May 8, 2014, plaintiff was sent a Notice of Abandoned Vehicle, which informed him that he was the title owner of the motorcycle that was taken into police custody as an abandoned vehicle. The Notice informed plaintiff that he could contest the determination that the vehicle was abandoned or the reasonableness of the towing and storage fees by completing an enclosed petition to request a hearing. Plaintiff submitted a petition requesting a hearing to challenge the reasonableness of the towing and storage fees pursuant to MCL 257.252a(6). The district court held a hearing regarding plaintiff's challenge even though plaintiff did not first post a bond with the court in the amount of $40 plus the accrued towing and storage fees. Relevant to this appeal, the district court noted that although "the letter of the law" required plaintiff to post a bond in the full amount of the towing and storage fees, the district court's practice was to not require the fees to be paid unless release of the vehicle was sought before the hearing. The district court thus held a hearing on plaintiff's petition and ultimately issued an order finding that the police had complied with the procedures for processing the vehicle, that defendant as a towing agency had complied with the procedures for proper removal of the vehicle, and that the towing and daily storage fees were reasonable; however, the district court held that defendant was limited to $1,000 in damages due to limitations set by MCL 257.252i(2).[2] Defendant appealed the district court's decision to the circuit court. Relevant to this appeal, the circuit court found that the district court did not err in determining that a bond under MCL 257.252a was not required to be paid in order to proceed with the hearing on plaintiff's petition because plaintiff was not seeking a release of the vehicle, although it did find that the district court had erred in certain other respects not at issue in this appeal. This appeal followed.

## II. STANDARD OF REVIEW

We review questions of statutory interpretation de novo. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). Our review of a circuit court's review of a district court's order is also de novo. See *First of America Bank v Thompson*, 217 Mich App 581, 584; 552 NW2d 516 (1996).

## III. ANALYSIS

Defendant argues that the circuit court's affirmance of the district court's order was erroneous, because the district court held a hearing on plaintiff's petition in violation of the requirements of MCL 257.252a. We agree.

---

[2] MCL 257.252g requires a police agency or designated third party to sell the vehicle at public auction and to apply the proceeds toward accrued towing and storage fees. If a balance remains after receiving the money from the sale, "the towing company may collect the balance of those unpaid fees from the last-titled owner" subject to MCL 257.252i. MCL 257.252g(2)(a). MCL 257.252i(2) limits these damages and essentially caps them at $1,000.

The Michigan vehicle code prohibits the abandonment of vehicles and provides a statutory scheme for the removal and disposition of abandoned vehicles, as well as the processes by which a person may recover a vehicle or challenge the removal or seizure of the vehicle. See MCL 257.252a-m. In this case, plaintiff's vehicle was removed pursuant to MCL 257.252d(1)(e), which allows a police agency to provide for the "immediate removal of a vehicle from public or private property to a place of safekeeping at the expense of the last-titled owner of the vehicle" if "the vehicle must be seized to preserve evidence of a crime, or if there is reasonable cause to believe that the vehicle was used in the commission of a crime."

Defendant asks this Court to interpret MCL 257.252a, as an issue of first impression, as it relates to the posting of a bond for towing and storage fees before a hearing. "The primary goal of statutory interpretation is to give effect to the Legislature's intent." *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). Judicial construction of a statute is only permitted when statutory language is ambiguous. *Id*. at 312. A statute is not considered ambiguous simply because reasonable minds could differ regarding the meaning of the statute. *Mayor of City of Lansing v Mich Pub Serv Comm*, 470 Mich 154, 165-166; 680 NW2d 840 (2004). Instead, a statute is ambiguous only if it creates an irreconcilable conflict with another provision or it is equally susceptible to more than one meaning. *Id*. at 166.

"Apparently plain statutory language can be rendered ambiguous by its interaction with other statutes." *Ross v Modern Mirror & Glass Co*, 268 Mich App 558, 562; 710 NW2d 59 (2005). In the case of tension or conflict between the sections of a statute, if possible the sections should be construed to give meaning to each such that they are harmonized. *Nowell v Titan Ins Co*, 466 Mich 478, 483; 648 NW2d 157 (2002). It is well settled that when construing a statute, a court must read it as a whole. *Apsey v Mem Hosp*, 477 Mich 120, 127; 730 NW2d 695 (2007). "[C]ourts must pay particular attention to statutory amendments, because a change in statutory language is presumed to reflect either a legislative change in the meaning of the statute itself or a desire to clarify the correct interpretation of the original statute." *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009).

In this case, defendant relies on portions of MCL 257.252a(6) and (13), which state as follows:

> (6) *The owner may contest the fact that the vehicle is considered abandoned or the reasonableness of the towing fees and daily storage fees by requesting a hearing and posting a bond equal to $40.00 plus the amount of the accrued towing and storage fees.* A request for a hearing shall be made by filing a petition with the court specified in the notice described in subsection (5)(c) within 20 days after the date of the notice. If the owner requests a hearing, the matter shall be resolved after a hearing conducted under sections 252e and 252f. An owner who requests a hearing may obtain release of the vehicle by posting a towing and storage bond in an amount equal to the $40.00 plus the accrued towing and storage fees with the court. The owner of a vehicle who requests a hearing may obtain release of the vehicle by paying a fee of $40.00 to the court and the accrued towing and storage fees instead of posting the towing and storage bond.

-3-

\* \* \*

(13) The owner may contest the fact that the vehicle is abandoned or, unless the towing fees and daily storage fees are established by contract with the local governmental unit or local law enforcement agency and comply with section 252i, the reasonableness of the towing fees and daily storage fees by requesting a hearing. A request for a hearing shall be made by filing a petition with the court specified in the notice within 20 days after the date of the notice. If the owner requests a hearing, the matter shall be resolved after a hearing conducted under section 252f. An owner who requests a hearing may obtain release of the vehicle by posting with the court a towing and storage bond in an amount equal to $40.00 plus the accrued towing and storage fees. The owner of a vehicle who requests a hearing may obtain release of the vehicle by paying a fee of $40.00 to the court plus the towing and storage fees instead of posting the towing and storage bond. *An owner requesting a hearing but not taking possession of the vehicle shall post with the court a towing and storage bond in an amount equal to $40.00 plus the accrued towing and storage fees.* [Emphases added.]

MCL 257.252a(6) states that the owner may contest the reasonableness of the fees "by requesting a hearing and posting a bond equal to $40.00 plus the amount of the accrued towing and storage fees." And MCL 257.252a(13) states that "[a]n owner requesting a hearing but not taking possession of the vehicle shall post with the court a towing and storage bond in an amount equal to $40.00 plus the accrued towing and storage fees." The use of the word "shall" by the Legislature "generally indicates a mandatory directive, not a discretionary act." *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013). Thus, looking only at the italicized portions of the statute relied on by defendant, the statute appears to be unambiguous and support defendant's claim. *Whitman*, 493 Mich at 311.

However, as stated, "apparently plain statutory language can be rendered ambiguous" by other statutory language. *Ross*, 268 Mich App at 562. If possible, conflicting sections of a statute should be construed to give meaning to each section. *Nowell*, 466 Mich at 483. MCL 257.252a(6) also states that "[a]n owner who requests a hearing may obtain release of the vehicle by posting a towing and storage bond in an amount equal to the $40.00 plus the accrued towing and storage fees with the court." This language appears to suggest that although a hearing has been requested, a bond is not required except to obtain release of the vehicle. And the first sentence of MCL 257.252a(13) provides that an owner "may contest the fact that the vehicle is abandoned or . . . the reasonableness of the towing fees and daily storage fees by requesting a hearing," without any mention of a required posting of towing and storage fee bond. As with subsection (6), subsection (13) also provides that "[a]n owner who requests a hearing may obtain release of the vehicle by posting with the court a towing and storage bond in an amount equal to $40.00 plus the accrued towing and storage fees," which again appears to contemplate a situation where a hearing has been requested but a bond is not required except to obtain release of the vehicle. Similarly, MCL 257.252b(8), which applies to abandoned scrap vehicles, states that "[a]n owner who requests a hearing may obtain release of the vehicle by posting a towing and storage bond equal to the $40.00 plus the accrued towing and storage fees with the court." Furthermore, MCL 257.252e(3) refers to "the towing and storage bond posted

with the court to secure release of the vehicle under section 252a, 252b, or 252d," and MCL 257.252f(3)(b) and (g) refer to "any fee or bond posted by the owner." All of these sections at least imply that a bond is required to be posted only to secure release of the vehicle, not as a mandatory prerequisite for holding a hearing.

Thus, the language of MCL 257.252(6) and (13) is equally susceptible to more than one meaning such that it is ambiguous. *Mayor of City of Lansing*, 470 Mich at 166. Indeed, both the district court and the circuit court in this case expressed frustration with the language of the statute and the apparently conflicting requirements regarding the posting of a bond. Because the statute must be read as a whole, this Court must determine which language in the statute supersedes the other conflicting language. *Apsey*, 477 Mich 127.

MCL 257.252a was amended in 2008. See 2008 PA 539. Subsections (6) and (13) remained completely unchanged except for two additions to the statutory language: The phrase "and posting a bond equal to $40.00 plus the amount of the accrued towing and storage fees" was added to the first sentence of subsection (6), and the sentence "An owner requesting a hearing but not taking possession of the vehicle shall post with the court a towing and storage bond in an amount equal to $40.00 plus the accrued towing and storage fees" was added to the end of subsection (13). 2008 PA 539. Before the 2008 amendment, the statute made no mention of posting a bond for towing and storage fees except in reference to an owner seeking release of the vehicle before the hearing; other parts of MCL 257.252 *et seq*. referring to the payment of (or posting of a bond for) towing and storage fees did so only in the context of an owner who sought release of the vehicle before the hearing. The language added by the 2008 amendment reflects the intent of the Legislature to mandate or clarify that a bond in the amount of $40 plus accrued towing and storage fees must be posted before a hearing can take place. *Bush*, 484 Mich 167.

We hold that the amendment of the statutory language by 2008 PA 539 reveals the Legislature's intent that posting of a bond in the amount of $40 plus accrued towing and storage fees must accompany a request for a hearing under MCL 527.252a, unless the fees have already been paid (or bond posted).[3]

Based on our interpretation of MCL 257.252a, we hold that the district and circuit courts erred in determining that MCL 257.252a allowed a hearing challenging the reasonableness of towing and storage fees where plaintiff did not post a bond in the amount of those towing and

---

[3] This is the same conclusion reached by the State Court Administrative Office (SCAO), as demonstrated by a March 19, 2009 advisory memorandum that SCAO issued following the effective date of 2008 PA 539. In that memorandum, SCAO stated that for "a vehicle towed under MCL 257.252a or 257.252d, the court must now collect a bond in the amount of $40 plus accrued towing and storage fees when a petition is filed (unless the accrued towing and storage fees have already been paid by the vehicle owner), even if the owner is not seeking release of the vehicle." SCAO, *Memorandum Re: Contesting the Abandonment Process or Towing and Storage Fees of Vehicles under MCL 257.252a, et seq*. (March 19, 2009), p 1.

storage fees. The district court should not have held a hearing on plaintiff's petition and erred in issuing an order on that petition.[4]

Reversed and remanded, with direction to vacate the district court's order and for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Peter D. O'Connell

---

[4] We note that this Court has recently held that the requirement that a bond be posted for a claimant to contest the seizure of property under Michigan's civil asset forfeiture scheme, MCL 333.7521 *et seq.*, may not be applied to an indigent claimant to defeat their Due Process right to be heard. See *In re Forfeiture of 2000 GMC Denali & Contents*, ___ Mich App ___; ___ NW2d ___ (2016), slip op at 2-7. No such constitutional challenge or argument concerning indigency was raised in the instant case.