*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVONTAE SANFORD,

      Plaintiff-Appellant,

v

STATE OF MICHIGAN,

      Defendant-Appellee.

UNPUBLISHED
April 9, 2019

No. 341879
Court of Claims
LC No. 17-000220-MP

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right a judgment entered by the Court of Claims granting plaintiff $408,356.16 under the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq.*, but denying his claim for compensation for the 198 days he spent in a juvenile facility prior to conviction and sentencing. We affirm.

## I. BACKGROUND

On September 17, 2007, four people were murdered at 19741 Runyon Street in the city of Detroit. Plaintiff, who was 14 years old, pleaded guilty to four counts of second-degree murder and one count of felony-firearm. On April 4, 2008, plaintiff was sentenced to 37 to 90 years' imprisonment, with credit for 198 days served. Two weeks after plaintiff's sentencing, Vincent Smothers was arrested in connection with another homicide and confessed to the September 2007 Runyon Street quadruple homicides. The Detroit Police Department did not further investigate Smothers's role in the homicides, and plaintiff remained incarcerated.

In May 2015, the Michigan State Police reopened the investigation into the September 2007 murder after discovering evidence of perjured testimony while investigating a Detroit Police Department homicide inspector. The Michigan State Police found evidence corroborating Smothers's confession to the murders, but it found no evidence incriminating plaintiff. The circuit court vacated plaintiff's convictions and sentences, and plaintiff was released from the Michigan Department of Corrections on June 8, 2016.

Plaintiff sought compensation under WICA, and the parties agreed that plaintiff was entitled to $408,356.16 in compensation for eight years and 61 days of wrongful imprisonment in a state correctional facility. The parties disputed whether the time plaintiff spent in pretrial detention was compensable under WICA. The Court of Claims agreed with defendant that this time was not compensable. This appeal followed.

## II. DISCUSSION

This Court reviews de novo questions of statutory construction. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011). The goal of statutory interpretation "is to ascertain and give effect to the intent of the Legislature." *Portelli v IR Constr Prod Co, Inc*, 218 Mich App 591, 606; 554 NW2d 591 (1996). We begin by considering the language of the statute. *Id*. at 607. "Where the language employed in a statute is plain, certain, and unambiguous, the statute must be applied as written without interpretation." *Id*. Statutory provisions should be read in context, and every word should be given "its plain and ordinary meaning." *Driver v Naini*, 490 Mich 239, 247; 802 NW2d 311 (2011). However, "words that have acquired a peculiar and appropriate meaning in the law are construed according to that peculiar and appropriate meaning." *Feyz v Mercy Mem Hosp*, 475 Mich 663, 673; 719 NW2d 1 (2006).

"Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent." *Whitman v City of Burton*, 493 Mich 303, 312; 831 NW2d 223 (2013). A statute is not necessarily ambiguous when reasonable minds could differ on how to interpret the statute. *Noll v Ritzer*, 317 Mich App 506, 511; 895 NW2d 192 (2016). Rather, "a statute is ambiguous only if it creates an irreconcilable conflict with another provision or it is equally susceptible to more than one meaning." *Id*.

WICA allows "[a]n individual convicted under the law of this state and subsequently imprisoned in a state correctional facility for 1 or more crimes that he or she did not commit" to seek compensation from the state. MCL 691.1753. The plaintiff must also show that he or she "served at least part of the sentence" for those crimes. MCL 691.1754(1)(a). A "state correctional facility" is defined as "a correctional facility maintained and operated by the department of corrections." MCL 691.1752(d).

In pertinent part, WICA's compensation section, MCL 691.1755, states:

> (1) In an action under this act, the plaintiff is entitled to judgment in the plaintiff's favor if the plaintiff proves all of the following by clear and convincing evidence:
>
> (a) The plaintiff was convicted of 1 or more crimes under the law of this state, was sentenced to a term of imprisonment in a state correctional facility for the crime or crimes, and served at least part of the sentence.
>
> (b) The plaintiff's judgment of conviction was reversed or vacated and either the charges were dismissed or the plaintiff was determined on retrial to be not guilty. . . .

(c) New evidence demonstrates that the plaintiff did not perpetrate the crime and was not an accomplice or accessory to the acts that were the basis of the conviction, results in the reversal or vacation of the charges in the judgment of conviction or a gubernatorial pardon, and results in either dismissal of all of the charges or a finding of not guilty on all of the charges on retrial.

(2) Subject to subsections (4) and (5), if a court finds that a plaintiff was wrongfully convicted and imprisoned, the court shall award compensation as follows:

(a) Fifty thousand dollars for each year from the date the plaintiff was imprisoned until the date the plaintiff was released from prison, regardless of whether the plaintiff was released from imprisonment on parole or because the maximum sentence was served. For incarceration of less than a year in prison, this amount is prorated to 1/365 of $50,000.00 for every day the plaintiff was incarcerated in prison.

In this case, plaintiff has identified no irreconcilably conflicting provisions, and plaintiff's argument proceeds on what the compensation provision does not say rather than what the statute does say. Plaintiff discards the threshold requirements for obtaining compensation as irrelevant to the question whether pretrial detention is compensable. This argument improperly ignores the statute's plain language and picks the statute apart rather than harmonizing its provisions. As clearly stated in MCL 691.1755(1), the threshold requirements for compensation under WICA turn on imprisonment after conviction. The first requirement in section 5(1)(a) refers "to a term of imprisonment in a state correctional facility" imposed after conviction. MCL 691.1755(1)(a). The second and third requirements discuss how and why the conviction was vacated. MCL 691.1755(1)(b) and (c). After establishing these threshold requirements, section 5 describes how to calculate compensation for the term of wrongful imprisonment. MCL 691.1755(2). The first threshold requirement in section 5(1)(a), referring "to a term of imprisonment in a state correctional facility" imposed after conviction, MCL 691.1755(1)(a), anchors the amount of compensation, which is calculated "from the date the plaintiff was imprisoned[.]" MCL 691.1755(2)(a). Separating the compensation formula from the threshold requirements does not effectuate the plain language of the statute, which makes no reference to confinement before a conviction was obtained. Accordingly, the Court of Claims did not err by rejecting plaintiff's claim for compensation for pretrial detention in a local facility.

Plaintiff cites the dictionary definitions of the words "imprison" and "prison" to argue that any confinement is compensable under WICA. MCL 699.1755(1)(a) begins by requiring a plaintiff to show that he or she was "sentenced to a term of imprisonment in a state correctional facility" for the crimes for which he or she was convicted. Plaintiff's reliance on the more expansive dictionary definitions of "imprison" and "prison" exceeds the bounds of this provision, thereby undermining the plainly expressed legislative intent. Therefore, plaintiff's reliance on these dictionary definitions is unavailing.

Plaintiff further argues that the Court of Claims' interpretation has a discriminatory impact on those defendants who must remain in pretrial detention because they cannot afford bond. This Court has no authority to reevaluate legislative policy choices or to reconfigure a

-3-

statute on the basis of a public policy concern that is not embodied in the text of the statute. See *Lash v Traverse City*, 479 Mich 180, 197; 735 NW2d 628 (2007) (citation omitted). Plaintiff's policy argument has no bearing on the interpretation of the plain language of the statute. Accordingly, plaintiff has not identified a basis for interpreting WICA to compensate him for confinement in a local facility before conviction and sentencing.

Lastly, plaintiff relies on an affidavit prepared by a drafter of WICA supporting plaintiff's position. Plaintiff did not submit this affidavit in the Court of Claims. This Court does not consider evidence that was not introduced in the lower court, "and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). Additionally, we rejected plaintiff's motion to expand the record on appeal to include this affidavit. *Sanford v Michigan*, unpublished order of the Court of Appeals, entered June 8, 2018 (Docket No. 341879). Therefore, we decline to consider this affidavit. Moreover, because the plain language of the statute is unambiguous, resorting to external sources of legislative intent is not permitted. In short, plaintiff has identified no error in the Court of Claims' ruling that time spent in pretrial detention in a local facility is not compensable under WICA.

Affirmed.


/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron