*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE CITY OF WARREN,

        Plaintiff-Appellee,

v

NANCY HOOKS,

        Defendant-Appellant.

UNPUBLISHED
February 4, 2021

No. 354019
Macomb Circuit Court
LC No. 2020-000153-AR

Before: K. F. KELLY, P.J., and STEPHENS and CAMERON, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the circuit court order denying defendant's delayed application for leave to appeal the district court decision to admit prior acts evidence. Finding error warranting reversal, we reverse the decision to admit other acts evidence and remand for proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant was charged with violating Warren Code of Ordinances § 22-22(a), hindering, resisting, or opposing a law enforcement officer, and § 22-23, failing to obey a lawful command of a police officer. Specifically, in April 2019, Warren police officers responded to a report of shots fired in defendant's neighborhood. When the police officers arrived at the scene, they found a crowd of people and multiple victims with severe injuries. It was alleged that defendant did not witness the fighting, but drove to the scene and attempted to interject herself into the police investigation. The police purportedly advised defendant that she would be arrested in light of her repeated refusal to leave the scene, and during the course of the arrest, she was taken to the ground and secured in handcuffs. The brief interaction of defendant's arrest was recorded on video.

---

[1] *People v Hooks*, unpublished order of the Court of Appeals, entered August 6, 2020 (Docket No. 354019).

Plaintiff filed a motion in district court to admit evidence of two prior incidents involving defendant from 2012 and 2017, under MRE 404(b), for non-propensity reasons of showing plan and intent. Specifically, plaintiff alleged the prior bad acts were relevant to show defendant's intent to harass and pick fights with police officers and a history of planning out these verbal and physical altercations. In response, defendant alleged the motion was untimely filed, and did not establish a proper purpose for admission, under MRE 404(b), because intent and plan were not material to the charged offense. She asserted that she could not "plan" a response to random police incidents in her neighborhood.

Defendant's prior contacts with the police were delineated in police reports in 2012 and 2017. With regard to the 2012 incident, defendant was arrested for obstructing police officers and disturbing the peace after she approached a Warren police officer while he was investigating two individuals pushing a shopping cart full of scrap metal that appeared to be duct work. Defendant stopped her vehicle in the street, and she demanded to know why the police officer was speaking to the individuals, her neighbors. The police officer instructed defendant to leave, and she initially complied. However, defendant returned shortly thereafter and "began screaming that [the police were] always mess[ing] with the wrong people." Defendant continued to question the officer and interfere with the scene, despite demands to leave the area. Consequently, she was arrested.

For the 2017 incident, defendant was arrested for resisting a police officer, disturbing the peace, and violation of a local leash law. On this occasion, defendant was the subject of the police investigation. A neighbor found defendant's dogs barking and biting at his driveway gate, causing damage. This neighbor feared that defendant's dogs would breach the gate and fight with his own dog and called for police assistance. In response to the complaint about defendant's dogs, Warren police officers went to defendant's house and asked her about the incident. Defendant "became belligerent and began yelling at the officers that she did nothing wrong." Defendant continued yelling after being issued a ticket for not leashing her dogs and attempted to follow the police officers back to her neighbor's home. After failing to follow several requests to return to her home, defendant was arrested. However, the officers had difficulty handcuffing defendant because of her continued resistance and a cast on her left arm. Ultimately, leg shackles had to be used to arrest defendant, and she continued to levy threats that the police and her neighbor would "get theirs." After the arrest, defendant reportedly kicked the patrol car and attempted to strip off her clothes at the jail.

The district court determined evidence of the 2012 and 2017 incidents was relevant to the charged offense and admissible under MRE 404(b), stating:

> After reviewing your brief, sir, and after reading and reconfirming the 404(b) statute [sic] itself, I'm satisfied that it is evidence that is relevant for purposes of determining proof of motive, intent, plan, or system in doing an act absence of mistake or accident. And in hearing the offer of proof today that it is the defendant's intention to assert that she was complying with the law at the time, it certainly seems to me that the 404(b) evidence is relevant in contradicting that defense, therefore, the 404(b) motion is granted.

Defendant filed an interlocutory appeal to the circuit court, alleging the district court erred in admitting the evidence because the prosecution did not successfully establish a proper purpose,

but sought admission to show propensity. Even if the evidence was admissible under MRE 404(b), she asserted it should have been excluded under MRE 403 because the evidence would unfairly prejudice the jury and would convince the jury to convict defendant on the basis of her prior conduct. In response, plaintiff asserted the evidence was admissible for the nonpropensity purpose of showing defendant's criminal intent, plan, and system in engaging with officers during investigations that did not involve her, yelling to attract an audience, and refusing to leave the scene even when threatened with arrest. Because the nature of the crimes was only disorderly conduct, plaintiff contended the evidence did not rise to the level that would cause unfair prejudice that substantially outweighed the probative value. Without oral argument or legal analysis, the circuit court simply denied defendant's application for leave to appeal for lack of merit in the grounds presented.

## II. ANALYSIS

Defendant contends the district court erred in admitting prior bad acts evidence regarding defendant's 2012 and 2017 incidents. We agree.

"Our review of a circuit court's review of a district court's order is . . . de novo." *Noll v Ritzer*, 317 Mich App 506, 510; 895 NW2d 192 (2016). Generally, the admissibility of prior bad acts evidence is within the trial court's discretion and will not be disturbed absent a clear abuse of discretion. *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017). The trial court "abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Waclawski*, 286 Mich App 634, 670; 780 NW2d 321 (2009). "The determination whether the probative value of evidence is substantially outweighed by its prejudicial effect is best left to a contemporaneous assessment of the presentation, credibility and effect of the testimony." *Id*. (citation omitted). Further, "whether a rule or statute precludes admission of evidence is a preliminary question of law" that the appellate court reviews de novo. *Denson*, 500 Mich at 396. The prosecutor bears the burden of establishing a proper purpose for admitting the other acts evidence. *Id*. at 398.

MRE 404(b) address other crimes, wrongs, or acts and states, in pertinent part:

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case. [MRE 404(b)(1).]

"It is a deeply rooted and unwavering principle that other-acts evidence is inadmissible for propensity purposes." *People v Felton*, 326 Mich App 412, 425; 928 NW2d 307 (2018) (quotation marks and citation omitted). "This rule reflects the fear that a jury will convict a defendant on the basis of his or her allegedly bad character rather than because he or she is guilty beyond a reasonable doubt of the crimes charged." *Id*. (quotation marks and citation omitted). As a result, evidence of prior bad acts are only admissible if:

> (1) the evidence is offered for some purpose other than under a character-to-conduct theory, or a propensity theory, (2) the evidence is relevant to a fact of consequence at the trial, and (3) the trial court determines under MRE 403 that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. If requested, the trial court may provide a limiting instruction under MRE 105. [*People v Bass*, 317 Mich App 241, 259; 893 NW2d 140 (2016), quoting *People v Ackerman*, 257 Mich App 434, 440, 669 NW2d 818 (2003).]

Evidence is unfairly prejudicial when it presents the danger that marginally probative evidence will be given undue or preemptive weight by the jury. *Id.* A mechanical recitation of a proper purpose without an accompanying explanation addressing how the evidence relates to the recited purpose will not justify admission under MRE 404(b). *Felton*, 326 Mich App at 425-426. Instead, a trial court must "vigilantly weed out character evidence that is disguised as something else." *Id.* at 426 (quotation marks and citation omitted).

The district court erred in its admission of the evidence of defendant's 2012 and 2017 incidents. Defendant's 2012 and 2017 incidents have minimal probative value because they merely establish that on two prior occasions defendant behaved in an unruly or hostile manner in encounters with police officers in her neighborhood. As noted, the 2012 incident involved defendant approaching and yelling at police officers when they were conducting an unrelated investigation, and the 2017 incident involved defendant yelling at police officers after responding to a neighbor's complaint about defendant's dogs.

While "[o]ther-acts evidence may be admissible when the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system[,]" the "[m]ere similarity between the other-acts evidence and the charged conduct is not sufficient; rather, the effort is to the establish a definite prior design or system which included the doing of the act charged as part of its consummation." *Felton*, 326 Mich App at 426 (quotation marks and citation omitted). Defendant's prior incidents did not demonstrate defendant's intent or pattern of deliberately going to crime scenes that did not involve her and engaging in verbal and physical altercations with police. Instead, the prior incidents and charged offenses are merely similar in that each incident involves the Warren police and defendant. In fact, the 2017 incident did not involve defendant's "plan" to insinuate herself into an unrelated police investigation and "harass and pick fights" with the police. Rather, defendant was the subject of a 2017 complaint by a neighbor, and the police went to defendant's home to investigate an incident involving her dogs. Thus, plaintiff failed to establish that defendant's behavior in 2017 proved she intended to approach and disobey the police officers in accordance with the current offenses. *Denson*, 500 Mich at 401.

Further, defendant's intent, plan, or system to allegedly commit the charged offenses was not a material issue in this case because defendant's interaction with the officers was entirely captured on video. Instead, the underlying reason for admitting this evidence was to show defendant's disrespect for police officers and conformity with that characteristic to commit the charged offenses. Because MRE 404(b) prohibits the use of the prior bad acts evidence to show a propensity to commit a charged offense, the district court's erred in concluding that the evidence was offered for a proper purpose.

However, even if we were to conclude that the evidence of the prior incidents was offered for a proper purpose, prior bad acts evidence is, nonetheless, limited to evidence that satisfies the more probative than prejudicial balancing test of MRE 403, which states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. [MRE 403.]

Evidence is not "unfairly prejudicial" just because it is damaging; rather, the term

> refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock. Moreover, admission of evidence is unfairly prejudicial when . . . the danger exists that marginally probative evidence will be given undue or preemptive weight by the jury. [*People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011) (quotation marks, citations, and brackets omitted).]

"[C]ourts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *People v Watkins*, 491 Mich 450, 487; 818 NW2d 296 (2012). To determine whether to exclude evidence under MRE 403, a trial court can properly consider the following nonexhaustive list of factors:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488 (citation omitted).]

Evidence of defendant's 2012 and 2017 incidents were excluded by MRE 403 because their probative value was substantially outweighed by their prejudicial effect. Admittedly, there are similarities between the 2012 and 2017 incidents and the current offenses in that defendant becomes belligerent and hostile in her contacts with the police. However, the 2012 incident involving defendant's presence at a police investigation took place seven years before the charged offenses, and defendant has not been arrested for similar behavior since 2012. Thus, defendant's disorderly behavior with police officers cannot be considered frequent and reoccurring. Moreover, evidence of the 2012 incident does not provide additional evidence as to whether defendant committed the charged offenses, especially since defendant's interaction with the police officers in the charged offense was entirely captured on video. Therefore, the district court's decision to admit evidence of the 2012 incident has created a substantial prejudicial risk that the jury will convict defendant for the charged offenses because her behavior conformed with her behavior in a single incident seven years earlier.

For similar reasons, evidence of defendant's 2017 incident was not admissible under MRE 403. The 2017 incident is entirely dissimilar from the charged offenses and purported basis

proffered by the prosecution for admission under MRE 404(b). Specifically, defendant was directly and involuntarily involved in the 2017 incident because the police officers went to her home after receiving complaints about her dogs, and defendant began yelling at the police officers after they instructed her to leash her dogs. Likewise, evidence of the 2017 incident does not provide additional evidence as to whether defendant committed the charged offenses or had a propensity to insert herself in and hinder police investigations that do not involve her. Therefore, the district court's decision to admit evidence of the 2017 incident has created a substantial prejudicial risk that the jury will convict defendant because her behavior conformed with her behavior in a single incident two years earlier.

Further, the prejudicial effect will be dramatically increased if evidence of both prior incidents are admitted at trial because, taken together, the jury will undoubtedly view the 2012 incident, 2017 incident, and charged offenses as a pattern of disorderly conduct with police officers. Because the prejudicial effect of defendant's prior bad acts substantially outweighs the probative value, the district court erred in admitting this evidence.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens