*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AUTO-OWNERS INSURANCE COMPANY,

      Petitioner-Appellee,

v

J & T TOWING, doing business as CROVA
TOWING,

      Respondent-Appellant.

FOR PUBLICATION
April 13, 2026
2:52 PM

No. 369819
Wayne Circuit Court
LC No. 21-009871-AV

Before: KOROBKIN, P.J., and YOUNG and BAZZI, JJ.

PER CURIAM.

Respondent, J & T Towing, doing business as Crova Towing, appeals as on leave granted[1] the circuit court's order reversing the district court's order regarding the impoundment of a motor vehicle owned by petitioner, Auto-Owners Insurance Company. The Michigan Vehicle Code, MCL 257.1 *et seq.*, requires that a vehicle owner's petition requesting a hearing on the reasonableness of incurred towing and storage fees be filed within 20 days after the date of the notice of abandonment issued by the Secretary of State. MCL 257.252a. Because in this case the petition was filed too late, the district court was required to dismiss it rather than hold a hearing on the reasonableness of the fees. We therefore vacate the order and judgment of the circuit court and remand the case with instructions.

## I. BACKGROUND AND FACTS

On September 16, 2019, Elizabeth Lee Guy was involved in a motor vehicle accident, resulting in her hospitalization and "disabling damage" to Guy's vehicle. The Van Buren Police Department impounded Guy's vehicle that day to conduct an "accident investigation." At the Van Buren Police Department's request and pursuant to the terms of a towing agreement between respondent and the police department, respondent towed the vehicle from the scene on September 16, 2019 and stored the vehicle at its facility. On September 22, 2019, Guy passed

---

[1] *Auto-Owners Ins Co v J & T Towing Co*, ___ Mich ___; 14 NW3d 407 (2024).

-1-

away from the injuries she sustained in the accident, and the Van Buren Police Department thereafter informed respondent that a hold had been placed on the vehicle.

As testified to by respondent's owner in the district court, under the arrangement between the Van Buren Police Department and respondent, an individual or company intending to pick up a vehicle from respondent's lot is required to obtain a release form from the police department and provide that form to respondent to obtain the vehicle. Additionally, when the police department places a hold on a vehicle, respondent is only notified that a hold has been released via receipt of a release form.

On January 4, 2021, the Michigan Department of State issued a notice of abandonment regarding Guy's vehicle, stating in relevant part that the Van Buren Police Department had notified the Secretary of State of the abandoned vehicle, that the vehicle was located at respondent's facility, and that the vehicle owner may request a hearing with the court named in the notice to contest whether the vehicle was properly "deemed abandoned, or whether the towing and storage fees are reasonable, by filing a petition within 20 days of the date of this notice . . . ." On January 7, 2021, respondent was notified that the police hold was removed and the vehicle was picked up from respondent's facility. The vehicle thus was ultimately stored at respondent's facility for 480 days, from September 16, 2019 until January 7, 2021, at a rate of $25 per day. This resulted in a total bill of $12,304.20 inclusive of $12,000 in storage fees.

On February 9, 2021,[2] petitioner—which had become the titled owner of the subject vehicle on January 8, 2021—filed a petition in the district court requesting a hearing to determine "the reasonableness of the towing/storage fees." Petitioner contended that the storage fees charged by respondent were unreasonable and that it was entitled to a refund. Respondent counterargued that the district court should not hold a hearing or issue an order on the petition because the petition was untimely, explaining that under MCL 257.252a, the petition had to be filed within 20 days of the date of the notice of abandonment, January 4, 2021, and the petition was filed on February 9, 2021. Respondent also defended its storage fees as reasonable and submitted that petitioner had made frivolous assertions warranting an award of costs, including attorney fees. The district court held a hearing on the petition on April 6, 2021 and entered an order regarding impoundment of motor vehicle on July 23, 2021. The court concluded that petitioner was not entitled to a refund, finding that the towing and storage fees were reasonable and that respondent "compl[ied] with the procedures established for the proper removal and reporting of an abandoned vehicle removed under MCL 257.252a(11), MCL 257.252b, or MCL 257.252d."

Petitioner appealed this order by right to the circuit court on August 10, 2021, and respondent filed a claim of cross-appeal on August 23, 2021. For our purposes it suffices to note that petitioner renewed its challenge to the reasonableness of the storage fees and respondent defended the reasonableness of those fees. Respondent also argued on cross-appeal that the district

---

[2] Petitioner states that it filed its petition on February 3, 2021. Although the petition was evidently signed by petitioner's counsel that day, the district court register of actions indicates that it was filed on February 9, 2021, and the petition itself bears a stamp stating that the petition was received for filing in the district court on February 9, 2021. We thus consider February 9, 2021 to be the date on which the petition was filed.

court erred by failing to rule on its request for an award of costs and attorney fees and that the district court should not have conducted a hearing because the petition was untimely. The circuit court decided in petitioner's favor, issuing an order on June 23, 2023 concluding that the storage fees were unreasonable and requiring respondent to issue a refund to petitioner. The circuit court subsequently denied respondent's motion for reconsideration of its order.

Respondent sought leave to appeal. This Court initially denied the application,[3] but our Supreme Court remanded the case for our consideration as on leave granted.

## II. STANDARD OF REVIEW

We review questions of statutory interpretation de novo. *Noll v Ritzer*, 317 Mich App 506, 509; 895 NW2d 192 (2016). "Our review of a circuit court's review of a district court's order is also de novo." *Id.* at 510.

## III. ANALYSIS

Respondent's argument on appeal is simple: MCL 257.252a requires a vehicle owner to request a hearing by filing a petition within 20 days after receiving notice of the abandonment of the owner's vehicle, and because petitioner filed its petition more than 20 days after receiving this notice, the district court erred by holding a hearing and issuing an order on the petition. We agree and, finding this determination dispositive of the other issues raised on appeal, vacate the circuit court's judgment and remand with instructions that the petition be dismissed.

Our resolution of this appeal requires interpreting the Michigan Vehicle Code, which "provides a statutory scheme for the removal and disposition of abandoned vehicles" and "the processes by which a person may recover a vehicle or challenge the removal or seizure of a vehicle." *Id.* In this effort, we remain cognizant that our primary goal in interpreting statutes "is to ascertain the legislative intent that may reasonably be inferred from the statutory language." *Animal Partisan v Univ of Michigan Bd of Regents*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 374669); slip op at 3 (quotation marks and citation omitted). We are also obligated to read statutes "in accordance with the surrounding text and the statutory scheme," considering them "as a whole," and to "give effect to every word, phrase, and clause." *Id.* (quotation marks and citations omitted). When statutory language "is clear and ambiguous," we must enforce the statute "as written and no further judicial construction is permitted." *Noll*, 317 Mich App at 510-511 (quotation marks and citation omitted).

The clarity of MCL 257.252a(6) makes our task a simple one. MCL 257.252a(6) states, in relevant part:

> The owner may contest the fact that the vehicle is considered abandoned or the reasonableness of the towing fees and daily storage fees by requesting a hearing and posting a bond equal to $40.00 plus the amount of the accrued towing and

---

[3] *Auto-Owners Ins Co v J & T Towing*, unpublished order of the Court of Appeals, entered June 21, 2024 (Docket No. 369819).

storage fees. *A request for a hearing shall be made by filing a petition with the court specified in the notice described in subsection (5)(c) within 20 days after the date of the notice.* Subject to subsection (8), if the owner requests a hearing, the matter shall be resolved after a hearing conducted under sections 252e and 252f. [Emphasis added.]

"This Court has interpreted the use of 'shall' in statutory language as specifying a mandatory directive." *Butters v Butters*, 342 Mich App 460, 468; 995 NW2d 558 (2022), vacated in part on other grounds 510 Mich 1096 (2022); see also *Noll*, 317 Mich App at 513. Thus, MCL 257.252a(6) mandates that a request for a hearing be made within 20 days after the date of the notice of abandonment. The mandatory nature of the 20-day filing requirement is reiterated elsewhere in MCL 257.252a, illustrating the Legislature's emphasis on the necessity of compliance with this deadline. See, e.g., MCL 257.252a(14) (establishing the same 20-day timeline for filing a petition to contest the reasonableness of towing and storage fees or whether a vehicle is abandoned); MCL 257.252a(8) (providing how the court should proceed if a vehicle owner and a secured party both request a hearing within 20 days after the date of the notice); MCL 257.252a(18) (stating that a police agency shall offer an abandoned vehicle for sale "not less than 20 days after the date of the notice" if a hearing is not requested). See also *Animal Partisan*, ___ Mich App at ___; slip op at 3 (stating that this Court must read statutes "in accordance with the surrounding text and the statutory scheme").

We therefore conclude that a vehicle owner is required to file a petition "within 20 days after the date of the notice" to effectively request a hearing. MCL 257.252a(6); see MCL 257.252(14). See also *Noll*, 317 Mich App at 510 (explaining that we are required to enforce statutory language that "is clear and ambiguous . . . as written"). Applying this mandate here, petitioner did not file its petition until February 9, 2021, 36 days after the Secretary of State provided notice on January 4, 2021 that the subject vehicle was abandoned, and, crucially, 16 days beyond the expiration of the statutory deadline. See MCL 257.252a(6). Given the untimeliness of its petition, petitioner was not entitled to a hearing on its challenge to the reasonableness of the storage fees incurred. The district court therefore erred by conducting a hearing on petitioner's petition and issuing an order thereon.

Our conclusion is further supported by this Court's decision in *Noll*, 317 Mich App at 507, where a circuit court affirmed a district court's ruling that a petitioner under MCL 257.252a did not have to post a bond to proceed with an abandoned-vehicle hearing. Applying the same principles of statutory interpretation to the bond provision in MCL 257.252a(6), this Court determined that it was the Legislature's intent that a petitioner must post a bond when requesting a hearing under MCL 257.252a, and the lower courts erred by determining that the statute allowed a hearing challenging the reasonableness of the storage fees when the petitioner did not post the requisite bond. *Id*. at 515-516. We held that "[t]he district court should not have held a hearing on [the] petition," and remanded for dismissal of the petition. *Id.* at 516. Although *Noll* concerns a different requirement within the same statute, it applies by analogy here. Because the petition was not filed within 20 days, petitioner was not entitled to its requested hearing.

We are unpersuaded by petitioner's arguments to the contrary. Petitioner primarily contends that its petition was timely because respondent and the Van Buren Police Department did not follow the proper procedure for disposition of an abandoned vehicle, and if they had, the

petition would be timely. Petitioner guides our attention to the time constraints set forth in MCL 257.252d, which provides the grounds on which a police agency may validly impound a vehicle, and the procedure by which a custodian or towing agency may release an impounded vehicle and notify the police of a vehicle's abandonment. In particular, a vehicle impounded under MCL 257.252d(1)(d), (e), or (k) must "be released by the police agency that authorized the removal prior to the towing agency or custodian releasing the vehicle to the vehicle owner." MCL 257.252d(5).[4] Furthermore:

> Not less than 20 days but not more than 30 days after a vehicle has been released under subsection (5), the towing agency or custodian shall notify the police agency to enter the vehicle as abandoned and the police agency shall . . . follow the procedures set forth in section 252a if the impounded vehicle has not been redeemed. [MCL 257.252d(6).]

Petitioner argues that, pursuant to the timeline set forth in MCL 257.252d(6), because the vehicle at issue was not released until January 7, 2021, respondent could not notify the Van Buren Police Department to enter the vehicle as abandoned until 20 days later, January 27, 2021, and thus the earliest date on which notice of abandonment should have been provided to petitioner was January 27, 2021. Therefore, petitioner argues that under the 20-day petition-filing deadline set forth in MCL 257.252a, it would have had until February 16, 2021 to file its petition, 20 days after January 27, 2021. And because the petition was filed on February 9, 2021, so the argument goes, it was timely.

Contrary to petitioner's argument, however, nothing in the Michigan Vehicle Code indicates that an irregularity in complying with the procedures outlined in MCL 257.252d excuses a vehicle's owner from complying with the 20-day deadline for filing a petition under MCL 256.252a. Although in this case it appears that the notice of abandonment was issued before the vehicle was released by the Van Buren Police Department, we see no responsibility on respondent's part for this order of events. The Van Buren Police Department evidently already considered the vehicle abandoned on January 4, 2021, as shown by the statement in the notice of abandonment that the police department "notified the Secretary of State through [the law enforcement information network] of the abandoned vehicle." Once the Secretary of State issued the notice of abandonment, petitioner had 20 days to file a petition to request a hearing under MCL 257.252a.

Likewise, we see no merit in petitioner's argument that it "did not receive actual notice from the Secretary of State as required" because it was the titled owner at the time the notice of abandonment was sent, but the notice was sent to Guy. This argument is simply belied by the record, which reveals that petitioner was assigned title to the vehicle on January 8, 2021, four days

---

[4] MCL 257.252d was amended after the events underlying this appeal occurred. See 2022 PA 89. In the version of MCL 257.252d applicable during the events underlying this appeal, the language we quote from the current versions of MCL 257.252d(5) and (6) were instead located, respectively, in MCL 257.252d(4) and (5). See MCL 257.252d, as amended by 2012 PA 498. Because the language we quote from these subsections was not altered by the amendment, we reference the current subsections containing the relevant language.

after the Secretary of State provided notice. Notice was thus properly provided to the owner of the vehicle as of January 4, 2021, Guy, and we see no statutory language indicating that the petition-filing deadline may be delayed because of a transfer of vehicle ownership. See *Noll*, 317 Mich App at 510 (explaining how this Court is required to enforce statutes "as written").

And we are similarly unconvinced by petitioner's protestations to other elements of the notice of abandonment. Petitioner states that the notice of abandonment as submitted by respondent does not provide the procedure to redeem the vehicle, a form petition, nor a warning that the failure to redeem the vehicle within 20 days after the date of the notice may result in the vehicle's sale.[5] MCL 257.252a(5)(c)(*i*) does require a notice of abandonment provided by the Secretary of State to contain "[t]he procedure to redeem the vehicle," MCL 257.252a(5)(c)(*i*)(F), "[a] form petition that the owner may file in person or by mail with the specified court that requests a hearing on the police agency's action," MCL 257.252a(5)(c)(*i*)(H), and "[a] warning that the failure to redeem the vehicle or to request a hearing within 20 days after the date of the notice may result in the sale of the vehicle and the termination of all rights of the owner and the secured party to the vehicle or the proceeds of the sale," MCL 257.252a(5)(c)(*i*)(I). But even assuming petitioner is correct that the notice of abandonment is missing these elements, we see no reason why this would delay the petition-filing deadline to February 16, 2021 as petitioner proposes. For the notice of abandonment clearly warned the vehicle owner that it was bound by the 20-day petitioner-filing deadline, and petitioner suffered no prejudice because of the alleged missing elements of the notice as it filed a petition and the vehicle was redeemed just three days after the notice was provided.

In sum, MCL 257.252a leaves no doubt that a vehicle owner's petition challenging the reasonableness of towing or storage fees must be filed within 20 days of the date of a notice of abandonment. Because petitioner's petition was filed after that 20-day deadline, it was untimely. Petitioner was therefore not entitled to a district court hearing and the corresponding issuance of a district court order on that hearing. The district court was required to dismiss the petition and erred by failing to do so.[6]

---

[5] Petitioner cites MCL 257.252a(6), (8), and (9) in support of this argument. The substance of its argument indicates, however, that petitioner is relying instead on the provisions set forth in MCL 257.252a(5)(c)(*i*).

[6] Respondent also contends that the trial court should have awarded it attorney fees and costs because the petition was frivolous. But MCL 257.252a authorizes an attorney-fee award only "[i]f the court finds, *after a hearing on the reasonableness of the towing fees and daily storage fees*, that the owner's . . . challenge was frivolous[.]" MCL 257.252a(8) (emphasis added); see also MCL 257.252a(16) (emphasis added) (same). Because, as discussed, petitioner was not entitled to such a hearing, and the district court erred in holding one, we conclude that the district court did not err in failing to award costs and fees under this statute.

The order of the circuit court is vacated, and the case is remanded with instructions. On remand, the circuit court shall vacate the district court's order and remand for the petition to be dismissed with prejudice. We do not retain jurisdiction.

/s/ Daniel S. Korobkin
/s/ Adrienne N. Young
/s/ Mariam S. Bazzi