*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE CITY OF SOUTHFIELD,

Plaintiff-Appellee,

v

IESHULA R. ISHAKIS and DEVORAH ISHAKIS,

Defendants-Appellants.

UNPUBLISHED
April 17, 2026
1:49 PM

No. 372631
Oakland Circuit Cout
LC No. 2024-205028-AV

Before: GADOLA, C.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

In this civil infraction action, defendants appeal by leave granted the circuit court's order affirming the decision of the district court, which found defendants in violation of a city ordinance. We vacate the circuit court's order and remand for dismissal of the civil infraction.

## I. FACTS

This case arises out of the allegedly hazardous condition of defendants' driveway. Defendants own a home in Southfield. The driveway to their home allegedly is in poor repair with uneven and broken slabs. On March 7, 2023, Ruby Williams, a code enforcement officer for the city sent defendants a letter advising them of the violation and requiring defendants to repair their driveway. Defendants did not repair their driveway, and the city therefore sent defendants additional notices on March 30, June 8, and July 10, 2023. None of the notices informed defendants of their right to appeal the alleged violation to the city's property maintenance board of appeals. Eventually, defendants were issued a citation for failure to maintain their driveway in violation of International Property Maintenance Code (IPMC) (2015), § 302.3, which is part of the city's ordinances.

A hearing on the violation was held in the district court. Defendants argued, among other issues, that plaintiff had not provided them notice of their right to appeal to the board of appeals as required under the ordinance. The district court determined that defendants violated the ordinance and were liable for a civil infraction. The district court thereafter denied defendants' motion for reconsideration. Defendants appealed the district court's decision to the circuit court,

-1-

which affirmed the order of the district court and thereafter denied defendants' motion for reconsideration.

Defendants sought leave to appeal in this Court, which granted leave to appeal "limited to the issues whether the City provided defendants with notice of their driveway violation in accordance with the International Property Maintenance Code, and if not, whether defendants were entitled to dismissal of the civil infraction action." *People v Ishakis*, unpublished order of the Court of Appeals, entered May 21, 2025 (Docket No. 372631). In all other respects, this Court denied defendants' application for leave to appeal. *Id*.

## II. DISCUSSION

Defendants argue that the city failed to comply with the mandatory notice requirements of the city's ordinance and that the city's failure to inform them of their right to appeal rendered the civil infraction unenforceable. We agree.

We review de novo the circuit court's review of a district court's order. *Noll v Ritzer*, 317 Mich App 506, 510; 895 NW2d 192 (2016). We also review de novo the application and interpretation of a municipal ordinance. *Great Lakes Society v Georgetown Charter Twp*, 281 Mich App 396, 407; 761 NW2d 371 (2008). In doing so, our goal "is to discern and give effect to the intent of the legislative body," and give the terms of the ordinance their plain and ordinary meanings. *Id*. at 407-408.

A city may designate certain ordinance violations as civil infractions. MCL 117.4*l*. In this case, the city incorporated the IPMC into its ordinances. See City of Southfield Ordinance, § 8.141. The city adopted "all of the regulations, provisions, penalties, conditions and terms of said Property Maintenance Code . . . ." *Id*. IPMC, § 302.3 (2015) provides that "[s]idewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions." Under the IPMC, "[a]ny person failing to comply with a notice of violation or order served in accordance with Section 107 shall be deemed guilty of a misdemeanor or civil infraction as determined by the local municipality, and the violation shall be deemed a *strict liability* offense." IPMC, § 106.3. If the individual does not comply with the notice of violation, the code official "shall institute the appropriate proceeding at law or in equity to restrain, correct or abate such violation . . . ." *Id*.

Under IPMC, § 106.2, "[t]he *code official* shall serve a notice of violation or order in accordance with Section 107." IPMC, § 107.2 provides:

Such notice prescribed in Section 107.1 **shall** be in accordance with **all** of the following:

1. Be in writing.

2. Include a description of the real estate sufficient for identification.

3. Include a statement of the violation or violations and why the notice is being issued.

4. Include a correction order allowing a reasonable time to make the repairs and improvements required to bring the *dwelling unit* or structure into compliance with the provisions of this code.

5. **Inform the property *owner* or owner's authorized agent of the right to appeal.**

6. Include a statement of the right to file a lien in accordance with Section 106.3. [IPMC, § 107.2 (bold emphasis added).]

Defendants were notified by the city's code enforcement officer that they were violating IPMC, § 302.3 by failing to keep their driveway "in a proper state of repair, and maintained free from hazardous conditions." The city sent notices to defendants on March 7, March 30, June 8, and July 10, 2023 advising defendants of the violation; the parties agree that none of these notices advised defendants of their right to appeal. There is thus no dispute that the notices did not comply with IPMC, § 107.2(5), which requires the notice of violation to "[i]nform the property *owner* or owner's authorized agent of the right to appeal."

As discussed, under IPMC, § 106.3, "[a]ny person failing to comply with a notice of violation or order served in accordance with Section 107 shall be deemed guilty of a misdemeanor or civil infraction as determined by the local municipality." That is, a person is guilty of a misdemeanor or a civil infraction when he or she fails to comply with a notice of violation *served in accordance with Section 107*. *Id*. In other words, proper notice under Section 107 by the code enforcement officer is a prerequisite to a determination that an individual is in violation. Here, the city failed to serve the notice of violation in accordance with IPMC, § 107.2 by failing to include the notice of defendants' right to appeal. Because defendants were not provided notice compliant with IPMC, § 107.2, they were not "served in accordance with Section 107." Because a prerequisite to the determination of violation was not met, defendants could not be determined to have violated IPMC, § 302.3.

Despite the city's acknowledgement that it failed to include the advisement of the right to appeal in the notices of violation, it argues that the notice provision was not violated because the notices met the other requirements under IPMC, § 107.2. We disagree. The city has not established that complying with the other requirements of the section cured a violation of the mandated notice of the right to appeal. Under the ordinance, the notice "*shall* be in accordance with *all* of the," requirements of that section. IPMC, § 107.2 (emphasis added). "Courts should generally give the word 'shall' a mandatory meaning . . . , 'unless to do so would clearly frustrate legislative intent as evidenced by other statutory language or by reading the statute as a whole.' " *Comm to Ban Fracking in Mich v Bd of State Canvassers*, 335 Mich App 384, 396; 966 NW2d 742 (2021) (citation omitted). "In its ordinary and natural meaning, the word 'all' leaves no room for exceptions." *Reed-Pratt v Detroit City Clerk*, 339 Mich App 510, 518; 984 NW2d 794 (2021) (quotation marks and citation omitted). Under the plain meaning of the ordinance, each and every provision of Section 107.2 was mandatory. We interpret the ordinance according to its plain language and cannot ignore its text. See *Great Lakes Society*, 281 Mich App at 408.

Defendants also argue that the city failed to establish a board of appeals, and that the city should be enjoined from issuing further tickets until a board of appeals is established. Defendants

also assert violations of due process and equal protection. This Court, however, granted leave to appeal limited to the issue "whether the City provided defendants with notice of their driveway violation in accordance with the International Property Maintenance Code, and if not, whether defendants were entitled to dismissal of the civil infraction action." *People v Ishakis*, unpublished order of the Court of Appeals, entered May 21, 2025 (Docket No. 372631). Whether plaintiff properly established its board of appeals is a question outside the scope of this Court's grant of leave to appeal and we therefore decline to review that issue. Similarly, we decline to consider as outside the scope of the issues on appeal defendants' arguments asserting violations of due process and equal protection.

Vacated and remanded. On remand the circuit court shall reverse the district court's decision and remand to that court with instructions to dismiss the civil infraction. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Michael J. Kelly