*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FIRST MEDICAL GROUP, PLLC, and GRAVITY IMAGING, LLC,

        Plaintiffs-Appellants,

V

PROGRESSIVE MARATHON INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
April 20, 2026
10:42 AM

No. 373369
Wayne Circuit Court
LC No. 22-010342-AV

Before: RICK, P.J., and YATES and MARIANI, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiffs, as assignees of Kevin Baytops, Jr., appeal by leave granted[1] a circuit court opinion affirming a district court order granting summary disposition to defendant under MCR 2.116 (C)(10) (no genuine issue of material fact). We reverse and remand to the district court for further proceedings.

## I. FACTUAL BACKGROUND

This case involves two medical providers who sought personal protection insurance (PIP) benefits from defendant. The injured individual was Kevin Baytops, Jr., who was involved in a motor vehicle accident in December 2020. At the time of the accident, Kevin Jr. was 19 years old and did not have an insurance policy in his own name. The central issue throughout the litigation was whether Kevin Jr. was a resident relative of his mother, Sharmaine Baytops, who held a no-fault policy through defendant, such that he would be entitled to PIP benefits under that policy.

Defendant issued its policy to Sharmaine, listing a policy address in Wixom, Michigan. The policy application was completed in 2018, when Kevin Jr. was still a minor. At that point, it

---

[1] *First Med Group, PLLC v Progressive Marathon Ins Co*, unpublished order of the Court of Appeals, entered April 7, 2025 (Docket No. 373369).

identified only Sharmaine and her husband, Kevin Baytops, Sr., as named insureds and residents of the household. When the policy renewed in November 2020, the same information remained unchanged. The police report from Kevin Jr.'s December 2020 accident indicated that he lived at an address in Detroit, Michigan. Defendant initially opened a claim under the belief that the injured party was Kevin Sr. However, it later determined that the claimant was actually Kevin Jr., and thus denied plaintiffs' claim for reimbursement of PIP benefits.

Plaintiffs filed a complaint in district court in June 2021. Relevant to this appeal is defendant's second motion for summary disposition. There, defendant asserted that, after the accident, Sharmaine informed its representatives that Kevin Jr. did not live with her at the time of the accident. Defendant relied heavily on an affidavit attributed to one of its employees, Janine Copic, although the version attached to its summary disposition motion was not signed, dated, or notarized. Defendant also obtained documents submitted by plaintiffs, including billing records, a copy of Kevin Jr.'s driver's license, and other forms that listed Kevin Jr.'s Detroit address. Defendant noted that Kevin Jr. failed to cooperate with its investigation, including missing scheduled examinations under oath and failing to appear for a court-authorized deposition. Sharmaine similarly stopped cooperating and did not appear for her scheduled examination under oath. Based on the foregoing, defendant argued that Kevin Jr. was neither insured under the policy nor a resident relative of its insureds, meaning defendant had no obligation to pay PIP benefits to plaintiffs.

Plaintiffs responded, arguing that evidence showed Kevin Jr. lived with Sharmaine at the Detroit address at the time of the accident, or that he was at least temporarily living away from his home there. They relied heavily on defendant's internal claim notes, which reflected ongoing concerns about a potential garaging issue and inconsistencies regarding Sharmaine's actual residence. Those claim notes documented that all vehicles insured under the policy were registered to the Detroit address. They also indicated that Sharmaine and Kevin Sr. owned the Detroit property and that medical bills for Kevin Jr. were sent to that address. In January 2021, defendant's notes recorded Sharmaine stating that she owned the Detroit home, that Kevin Jr. lived there, and that she herself went back and forth between multiple addresses. At other points in the notes, Sharmaine indicated that she lived at the Wixom address attached to her insurance policy, though she was unable to provide details about the lease, ownership, or utilities for that location. Defendant's representatives noted difficulty determining Sharmaine's actual place of residence.

Defendant's later notes reflected discrepancies in Sharmaine's statements. In April 2021, after contacting defendant about a premium increase, the notes indicated that Sharmaine stated that Kevin Jr. had not lived with her for years, that she did not know his current address, and that he moved frequently. They also reflected that she was subleasing the Wixom property from her aunt but could not provide documentation to support residency there. Defendant ultimately denied the claim for noncooperation and unresolved coverage issues.

Plaintiffs argued that public records showed Sharmaine's driver's license listed the Detroit address since at least 2019 and confirmed that she and Kevin Sr. owned that property. They contended that Sharmaine may have provided a false address when applying for the policy, which could constitute application fraud, but argued that Kevin Jr. was not involved in any such misrepresentation. They further asserted that rescission of the policy would not automatically apply to Kevin Jr., and that defendant had elected not to pursue rescission despite allegedly

discovering the garaging issue. Instead, defendant continued the policy and collected premiums. Plaintiffs also emphasized that Kevin Jr. was 19 years old at the time of the accident and relied on policy language defining a "relative" to include unmarried dependent children who are temporarily away from the household but intend to continue residing there. They argued that there was no evidence to show that Kevin Jr. permanently moved out of the Detroit home.

Defendant replied that plaintiffs failed to present admissible evidence creating a genuine issue of material fact. Defendant characterized its own claim notes as hearsay-within-hearsay when relied upon by plaintiffs, while simultaneously relying on statements in those same notes that supported its position. Defendant also asserted that plaintiffs failed to submit admissible proof of Sharmaine's Detroit address and relied again on the Copic affidavit, referring to it as signed and notarized despite the version in the record lacking those formalities.

In July 2022, the district court granted defendant's motion for summary disposition without oral argument. The court's handwritten order stated that Kevin Jr. "was not covered by his mother's insurance policy and he was not a resident relative." Plaintiffs moved for reconsideration, arguing that defendant's evidence was largely inadmissible hearsay and that the court overlooked admissible evidence supporting residency at the Detroit address. They also asserted that the Wixom policy address was incomplete, as it lacked an apartment number, and noted that Sharmaine later obtained insurance with another carrier using the Detroit address. The district court denied reconsideration without a hearing.

Plaintiffs then appealed to the circuit court. That court affirmed the district court's ruling, concluding that plaintiffs failed to present admissible evidence establishing a genuine issue of material fact regarding Kevin Jr.'s or Sharmaine's residency at the time of the accident. The circuit court relied on representations in the briefs that Sharmaine lived in Wixom and that Kevin Jr. lived in Detroit. Plaintiffs moved for reconsideration, arguing that the court had been misled by defendant's assertion that Sharmaine testified under oath, when she in fact never appeared for any such examination. They reiterated that the claim notes contained evidence that Sharmaine previously stated she lived with Kevin Jr. at the Detroit address and again challenged the validity of the Wixom address. Defendant opposed the motion, again relying on the Copic affidavit and asserting it had been signed and notarized. After a hearing, the circuit court denied the motion for reconsideration. This appeal followed.

## II. ANALYSIS

Plaintiffs contend that the circuit court improperly affirmed the district court's grant of summary disposition because the evidence presented at the district court level established a genuine issue of material fact requiring resolution at trial. We agree.

"This Court reviews de novo motions for summary disposition." *Reese v James*, 348 Mich App 454, 459; 19 NW3d 386 (2023). Likewise, "[o]ur review of a circuit court's review of a district court's order is also de novo." *Noll v Ritzer*, 317 Mich App 506, 510; 895 NW2d 192 (2016). Summary disposition under MCR 2.116(C)(10) is appropriate only when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When evaluating a motion under this rule, the court must consider "the pleadings, admissions, affidavits, and other

relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Life Skills Village, PLLC v Nationwide Mut Fire Ins Co*, 331 Mich App 280, 286 n 3; 951 NW2d 724 (2019) (quotation marks and citation omitted).

"The initial burden in a motion under MCR 2.116(C)(10) rests with the moving party." *Bronson Health Care Group v Esurance Prop & Cas Ins Co*, 348 Mich App 428, 439; 19 NW3d 151 (2023). That burden may be met "by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id*. (quotation marks and citation omitted). Once the moving party satisfies this burden, "[t]he party opposing the motion must then establish by evidentiary materials that a genuine issue of disputed fact exists." *Albitus v Greektown Casino, LLC*, 339 Mich App 557, 562; 984 NW2d 511 (2021).

Under MCL 500.3114(1), a no-fault policy "applies to bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." Although "the no-fault act does not define the term domiciled," *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 492; 835 NW2d 363 (2013) (quotation marks omitted), Michigan courts have long defined domicile as "the place where a person has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id*. at 493 (quotation marks and citation omitted). Further, "no person can have more than one such domicile, at one and the same time." *Id*. at 494 (quotation marks, citation, and emphasis omitted). This is in contrast to "residence," which "is a broader concept than 'domicile,' and although a person may only have one domicile, they may have multiple residences." *Mapp v Progressive Ins Co*, 346 Mich App 575, 595; 13 NW3d 643 (2023). "[A] no-fault insurance policy may provide broader coverage than that mandated by the no-fault act," including by extending coverage not just to "relatives *domiciled* in a named insured's household," but to "relatives *residing* in a named insured's household." *Id.* at 594.[2]     In disputing whether Kevin Jr. was a resident relative covered under the policy at issue, plaintiffs and defendant each argue that the evidence relied upon by the other is improper because it constitutes hearsay. Plaintiffs specifically challenge defendant's assertion that Sharmaine lived at the Wixom address at the time of the accident, which defendant supports through an underwriter's affidavit written not with personal knowledge, but based on a conversation with Sharmaine. Defendant also relies upon Sharmaine's automobile insurance application to substantiate this fact. Conversely, defendant argues that its internal claim notes—also relied upon by plaintiffs to support their claim that Kevin Jr. and Sharmaine lived together—constitute hearsay. "Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted." *Kuebler v Kuebler*, 346 Mich App 633, 655; 13 NW3d 339 (2023) (quotation

---

[2] In 2019 Michigan's Legislature massively overhauled the no-fault act. That was the optimal time for the Legislature to conclusively address the issue of whether residency or domicile should be the applicable standard in disputes such as the instant one. It did not, and insurers, insureds, and courts must now make decisions like these on a case by case basis, driving up litigation costs.

marks and citation omitted). "Hearsay is not admissible unless these rules provide otherwise." MRE 802. At this stage of the proceedings, however, whether the statements in their currently offered form constitute hearsay is not determinative. Under MCR 2.116(G)(6), "[a]ffidavits, depositions, admissions, and documentary evidence offered in support of or in opposition to a motion based on subrule (C)(1)-(7) or (10) shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." While a trial court may consider only substantively admissible evidence, "a party does not have to lay the foundation for evidence submitted in support of or opposition to a motion for summary disposition under MCR 2.116(C)(10)." *Airgas Specialty Prod v Mich Occupational Safety & Health Admin*, 338 Mich App 482, 517; 980 NW2d 530 (2021) (quotation marks and citation omitted). Thus, "although the evidence must be substantively admissible, it does not have to be in admissible form." *Id*. at 513 (quotation marks and citation omitted). There must, however, be "a plausible basis for the admission of the evidence." *Id*. at 517 (quotation marks and citation omitted).

Here, both parties rely on claim notes or other written documentation to support their respective positions regarding where Sharmaine lived. The substance of this evidence, to the extent not already admissible in its current form, could be presented at trial through testimony from Sharmaine herself. Accordingly, even if the evidence was submitted in an inadmissible form, it remains substantively admissible. Because the parties presented conflicting evidence on the issue of whether Kevin Jr. and Sharmaine lived together at the time of the accident, a genuine issue of material fact exists. As a result, summary disposition under MCR 2.116(C)(10) was improper. The circuit court erred by affirming the district court's grant of summary disposition to defendant.

Reversed and remanded to the district court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Christopher P. Yates
/s/ Philip P. Mariani